Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
*Attorneys for Defendants Nationstar Mortgage LLC and U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY LOU GRANDE and MARK DOUGLAS GRANDE,<br><br>    Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7N ("US BANK"), AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and Doe Defendants 1 through 20,<br><br>    Defendants, | No.<br><br>NOTICE OF REMOVAL TO FEDERAL COURT |

  Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), by and through its attorneys, hereby gives notice of removal of the above-captioned action, currently pending in the Superior Court Snohomish County, Washington, to the United States District Court for

NOTICE OF REMOVAL TO FEDERAL COURT- 1
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100 Phone: 509.624.5265
Spokane, Washington 99201-0300 Fax: 509.458.2728

the Western District of Washington pursuant to Sections 1331 (federal question), 1332 (diversity jurisdiction) and 1441(a) of Title 28 of the United States District Code ("U.S.C"). The removal is based on the following:

## I. BACKGROUND

1. On February 4, 2019, Plaintiffs Mary Lou Grande and Mark Douglas Grande ("Plaintiffs") initiated an action against Nationstar, Quality Loan Service Corporation of Washington ("QLS") and U.S. Bank, National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N ("US Bank"), by filing a Complaint in the Superior Court of Washington, County of Snohomish, entitled *Mary Lou Grande and Mark Douglas Grande v. US Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N ("US Bank"), and Nationstar Mortgage LLC d/b/a Mr. Cooper, Quality Loan Service Corporation of Washington, and Doe Defendants 1 through 20*, Case No. 18-2-13639-9 ("Complaint" or "State Court Action"). *See* Complaint, **Exhibit A**.

2. Nationstar received the Summons and Complaint on February 4, 2019.

3. The Complaint alleges the following causes of action: (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Violation of Washington Consumer Protection Act ("CPA"); (4) Negligent Misrepresentation; and (5) violation of the federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f (2006); and (6) the tort of "Outrage".

4. Plaintiffs seek unspecified amount of general damages, expectation and consequential; actual and treble damages up to $25,000 for each violation of the CPA; damages for emotional distress; injunctive relief prohibiting foreclosure of their residence; an order commanding Defendants to stop unilaterally revoking completed loan modification

NOTICE OF REMOVAL TO FEDERAL COURT- 2
Case No.
S1820215.DOC

**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

applications; and attorney fees and costs; and actual damages and punitive damages in the amount of $10,000 for violations of the ECOA.  *See* Complaint ("Compl.") at pp. 21-22.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION) AND §1441(a)

5. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that it is a civil action arising under the laws of the United States, specifically the ECOA.

8. This Court also has supplemental jurisdiction over Plaintiffs' state claims as the claims arise from the same core, operative facts relating to Defendants' alleged violation of the ECOA.  Accordingly, Plaintiffs' state law claims are related to Plaintiff's federal question claims and thereby form a part of the same cause and controversy pursuant to 28 U.S.C. § 1367(a).

## III. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).

9. This Court also has jurisdiction over this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

NOTICE OF REMOVAL TO FEDERAL COURT- 3
Case No.
S1820215.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

10. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States…" 28 U.S.C. § 1332(a).

A. **Complete Diversity Exists**.

11. Complete diversity of citizenship exists as Plaintiff and the named defendants are citizens of different states.

12. 28 U.S.C. § 1332(c)(1) provides that a corporation is deemed a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).

13. Nationstar is informed and believes, and on that basis alleges, that, at all relevant times, Plaintiff Mary Lou Grande was, and now is, a resident of Snohomish County, Washington, residing at the subject property, 25905 5th Avenue NE, Arlington, Washington 98223 ("Property"), and thereby is a citizen of the State of Washington. *See* Compl., ¶ 2.

14. Nationstar is informed and believes, and on that basis alleges, that, at all relevant times, Plaintiff Mark Douglas Grande was, and now is, a resident of King County, Washington, and thereby is a citizen of the State of Washington. *Id.*, ¶ 1.

15. Defendant Nationstar is a limited liability company organized and existing under the law of the State of Delaware with its principal place of business in Coppell, Texas. The limited liability company, Nationstar, has two members: Nationstar Sub 1 LLC (with 99% ownership) and Nationstar Sub 2 LLC (with 1% ownership). Both members are wholly owned by Nationstar Mortgage Holdings, Inc., which is incorporated in Delaware with principal place of business in Texas.

NOTICE OF REMOVAL TO FEDERAL COURT- 4
Case No.
S1820215.DOC

**WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

16. A limited liability company takes on the citizenship of its members. *Zambelli Fireworks Mfg., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

17. Because the owners of a limited liability company are considered its members, Nationstar derives its citizenship from Nationstar Mortgage Holdings, Inc., and, therefore, Nationstar is a citizen of Delaware and Texas for diversity purposes. 28 U.S.C. § 1332(c)(1).

18. Defendant US Bank is a national banking association headquartered in Cincinnati, Ohio. Pursuant to 28 U.S.C. § 1348, U.S. Bank is a citizen of the State of Ohio, for purposes of determining diversity. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that, for diversity purposes, nationally chartered banks are citizens of the states where their headquarters are located).

19. Defendant QLS, on information and belief, is a Washington corporation and a citizen of the state of Washington. QLS, is incorporated in Washington. However, that QLS is incorporated in Washington does not destroy diversity among Defendants under 28 U.S.C. §1441(b)(2) because QLS has been named in this action solely in its capacity as Trustee under the Deed of Trust. *See* Compl. ¶¶ 7, 23, 24. Accordingly, QLS holds no interest in the outcome of the litigation, has only been named as the Trustee of the Deed of Trust in question, and is a nominal defendant. A nominal defendant is "a [party] who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is not dispute.' "*S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (*quoting S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). The Court should "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). A typical nominal defendant is a trustee, agent, or depositary

NOTICE OF REMOVAL TO FEDERAL COURT- 5
Case No.
S1820215.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

who is joined merely as a means of facilitating collection. *Colello*, 139 F.3d at 676 (quoting *Cherif*, 933 F.2d at 414). Here, there is no dispute as to QLS, QLS is named for the injunctive relief sought "prohibiting the foreclosure of Plaintiffs' Residence," and Plaintiffs admit that Nationstar was the loan servicer "for all times relevant to this Complaint." *See* Compl. ¶¶ 28, 133. Accordingly, the citizenship of QLS should be ignored for diversity purposes. QLS consents to removal.

**B.     Quality Loan Service is Fraudulently Joined.**

20.     Fraudulent joinder exists "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Because no cause of action has been stated against QLS, QLS is fraudulently joined, and the citizenship of QLS does not destroy diversity among Defendants under 28 U.S.C. §1441(b)(2).

21.     "Although an action may be removed to federal court only where there is complete diversity of citizenship, 'one exception to the requirement for complete diversity is where a nondiverse defendant has been fraudulently joined.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 1067 (9th Cir. 2001)). "Fraudulent joinder is a term of art." *Morris*, 236 F.3d at 1067 (citing *McCabe*, 811 F.2d at 1339). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter*, 582 F.3d at 1043 (internal citations omitted).

22.     Further, "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v.*

NOTICE OF REMOVAL TO FEDERAL COURT- 6
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

*Lee*, 446 U.S. 458, 461 (1980).

23.     In this case, Plaintiffs do not make any valid substantive allegations against QLS sufficient to make it more than a nominal defendant.

24.     Only three <u>factual</u> allegations (in the 135 paragraph complaint) are alleged against QLS: (1) QLS "is a Washington for-profit Corporation engaged in the business of a foreclosing trustee" which "issued and served the Notice of trustee sale that Plaintiffs are seeking to restrain." (Compl., ¶ 7); (2) QLS recorded a Notice of Trustee's Sale on May 11, 2016. (*Id.*, ¶ 24); and (3) QLS recorded another Notice of Trustee's Sale on September 28, 2018. *Id.*, ¶ 26.

25.     Plaintiffs incorrectly allege that "QLS has never been properly appointed as successor trustee" because "[t]his document must be signed by the Beneficiary (under RCW 61.24.010.2 [*sic*])." *Id.*, ¶¶ 23, 27.   That legal conclusion is erroneous, and, further, unintelligible.  "This document," that is referred to in the Complaint as required pursuant to RCW 61.24.010(2), could refer to the recording of the appointment of a successor trustee that vests the successor trustee with the powers of the original trustee.  *Id.*; RCW 61.24.010(2). Alternatively, pursuant to Paragraph 91 of the Complaint that refers to a "Beneficiary Declaration" to support a CPA violation against QLS, "[t]his document" could refer to the declaration of the beneficiary which is a requisite to the trustee's sale.  RCW 61.24.030(7)(a). Notably, the documents referred to in these sections of the Revised Code of Washington, and which Plaintiffs use to support their allegations against QLS, are not attached to the Complaint.

NOTICE OF REMOVAL TO FEDERAL COURT- 7
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

Accordingly, the documents are attached hereto, and are proper subjects for judicial notice.[1]

See **Exhibit C**, Appointment of Successor Trustee; **Exhibit D**, Beneficiary Declaration.

26. Regardless of whether the Complaint refers to the Appointment of Successor Trustee or the Beneficiary Designation, or both as it would seem, each document was executed by Nationstar as attorney-in-fact for US Bank, which the Complaint alleges is the beneficiary. *See* Exs. C, D; Compl. ¶ 5.

27. Moreover, the recorded Appointment of Successor Trustee vests QLS with all of the authority of the original trustee, and, as such, the legal authority of QLS is not in dispute despite Plaintiffs' attempt to create a dispute where none exists. RCW 61.24.010(2); s*ee generally*, Compl.

28. Based on an erroneous construction of law alleging the Beneficiary Declaration must be signed by the beneficiary, Plaintiffs contend that QLS violated the CPA by "working with other Defendants to foreclose on plaintiffs and other Washington homeowners without the legal authority and to perpetuate a scheme to routinely violate the requirements of the DTA [Deed of Trust Act] by helping to have created an Appointment of Successor Trustee document that it knew to be signed by a person without the legal authority under Washington law to execute the document." *See* Compl. ¶ 91.

---

[1] Nationstar requests judicial notice for Exhibits C, Beneficiary Declaration, and D, Appointment of Successor Trustee, documents referred to in the Complaint and necessary to Plaintiffs' claim against QLS. Further, Exhibit C, was recorded on March 3, 2016, in the Snohomish County, Washington Recorder's Office at Instrument No. 201603030487. The Court may take judicial notice of publicly recorded documents. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) (judicial notice does not convert to motion for summary judgment); *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the Plaintiff's claim"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

NOTICE OF REMOVAL TO FEDERAL COURT- 8
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

29. Plaintiffs also allege that QLS "knew that the 'Beneficiary Declaration' upon which it relied in this non-judicial foreclosure was not in conformity with the requirements of the DTA. Nevertheless, Defendant QLS initiated a non-judicial foreclosure proceeding using those documents in support of its position, in an effort at boosting its own profits potentially denying Plaintiffs of the opportunity to save his (sic) home from foreclosure." *Id*.

30. It is clear that the allegations against QLS are supported by baseless arguments related to the authority of Nationstar to act for the beneficiary, arguments that the Court has already rejected.

31. Under Washington law an agent may act on behalf of a noteholder. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 106, 285 P.3d 34 (2012). "[A]n agency relationship results from the manifestation of consent by one person that another shall act on his behalf and subject to his control, with a correlative manifestation of consent by the other party to act on his behalf and subject to his control." *Id.* (internal quotation marks omitted) (quoting *Moss v. Vadman*, 77 Wn.2d 396, 402-03, 463 P.2d 159 (1970)). See also, *Djigal v. Quality Loan Service Corporation of Washington, et al*, 196 Wash. App. 1038 (2016) (not reported in Pac. Rptr.) (rejecting the same argument that the appointment of a successor trustee was improper under the DTA because it was signed by QLS rather than the beneficiary); (*Thomas v. Specialized Loan Servicing, LLC,* 4 Wn. App. 2d 1078 (2018) (not reported in Pac. Rptr.) (rejecting the same argument that beneficiary declarations were invalid because they were signed by the beneficiary's agent, the loan servicer, rather than an employee of the beneficiary. The Court of Appeals of Washington, held that SLS was acting as an agent of RMS Properties and RMS Trust when its employees executed these documents, and that these *were permissible actions under the DTA*).

NOTICE OF REMOVAL TO FEDERAL COURT- 9
Case No.
S1820215.DOC

**WK WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

32. Here, U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N had the authority to have their agent appoint QLS as Successor Trustee under established Washington law. The Complaint admits that Nationstar is the servicer and has complete authority to service the loan conferred by US Bank. *See* Compl. ¶¶ 3, 5.

33. The Appointment of Successor Trustee was recorded in Snohomish County on March 3, 2016.

34. Plaintiffs' argument fails as the Appointment of Successor Trustee complies with Washington law because the appointment was: (1) made by the party with the authority to issue the appointment and (2) the instrument was timely recorded in the proper county (Snohomish). Therefore, QLS was vested in all respects with the proper authority to act, and any argument otherwise is specious.

35. Based on the foregoing, Plaintiffs fail to state a cause of action against QLS, and the failure is obvious according to the settled law. Accordingly, the district court may ignore the presence of Defendant QLS for the purpose of establishing diversity. *Hunter*, 582 F.3d at 1043.

C. **Amount in Controversy Exceeds $75,000.**

36. In addition to diversity of citizenship, "the matter in controversy [must] exceed[] the sum of value of $75,000, exclusive of interests and costs.…" 28 U.S. C. § 1332(a)(1).

37. A Notice of Removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief. See 28 U.S.C. § 1446(c)(2)(A)(1). "In actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation." *Henderson v. Nationstar Mortgage Co*., 2008 WL

NOTICE OF REMOVAL TO FEDERAL COURT- 10
Case No.
S1820215.DOC

WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

302374 at *1 (W.D. Wash. 2008) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

38.     Here, the amount in controversy is satisfied because Plaintiff seeks ". . . compensatory damages, expectation and compensatory in an amount to be determined at trial;" ". . . actual damages, including damages to reputation in an amount to be determined at trial and treble damages up to $25,000 for each violation of" the CPA; damages including emotional distress … in an amount to be fully proven at trial;" ". . . actual damages … punitive damages in the amount of $10,000 … [f]or violations of the ECOA." *See* Compl., ¶¶ 129 - 138.

39.     Further, Plaintiffs seek to enjoin the enforcement of their 2007 Loan for the $445,320 purchase of the subject real property, and the amount in controversy is also satisfied for that reason. *Id.*, ¶ 11, Declaration of Mark Grande in Support of Plaintiff's Motion for Temporary Restraining Order and Setting Hearing on Preliminary Injunction at ¶ 2. Plaintiffs' last full payment on the Loan is alleged to have occurred on March 1, 2015. *Id.* ¶ 22. The Complaint further alleges a new principal loan balance of $601,869.70 on or about July 28, 2017. *See, e.g., id.*, ¶ 36.

40.     Although Nationstar denies Plaintiffs' allegations, if Plaintiffs prevail on their claims, damages may exceed the jurisdictional limit. Accordingly, the $75,000 amount in controversy requirement is easily satisfied.

### IV. **VENUE IS PROPER**

41.     The Superior Court for the County of Snohomish, in which the action was originally filed, is located within the Western District of Washington where this Notice of Removal is being filed.

42.     The allegations in Plaintiffs' Complaint relate to Plaintiffs' real property located

NOTICE OF REMOVAL TO FEDERAL COURT- 11
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

in Snohomish County, Washington ("Property"). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 128(a). Therefore, this Notice of Removal is properly filed in the Western District of Washington.

## V. PROCEDURAL REQUIREMENTS HAVE BEEN MET

43. <u>Removal is Timely</u>. This Notice is timely in that it is being filed within thirty (30) days of Nationstar's receipt of Plaintiffs' initial pleading on February 4, 2019, which is the first time that Nationstar ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. § 1446(b).

44. <u>Consent</u>. All co-defendants which have been duly served and which have entered appearances have consented to removal.

45. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

46. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

47. <u>Pleading and Process</u>. True and correct copies of the Complaint filed in the State Court Action and a current docket sheet are attached as Exhibits A and B, respectively. *See* 28 U.S.C. § 1446(a). Nationstar has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

48. <u>Notice</u>. Nationstar will promptly serve Plaintiffs and file with this Court its Notice to Plaintiffs of Removal to Federal Court, informing Plaintiffs that this matter has been removed. *See* 28 U.S.C. § 1446(a). Nationstar will also promptly file with the Clerk of the

NOTICE OF REMOVAL TO FEDERAL COURT- 12
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Superior Court of Washington, County of Snohomish, and serve on Plaintiffs, a Notice to Clerk of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d).

49. <u>No Previous Application</u>.  No previous application has been made for the relief requested herein.

50. By filing this Notice of Removal, Nationstar does not waive any defenses which may be available to it.

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

DATED this 6th day of March, 2019.

> WITHERSPOON · KELLEY
>
> By: *s/ Christopher G. Varallo*
> *s/ Steven J. Dixson*
> Christopher G. Varallo, WSBA #29410
> Steven J. Dixson, WSBA #38101
> cgv@witherspoonkelley.com
> sjd@witherspoonkelley.com
> 422 W. Riverside Avenue, Suite 1100
> Spokane, WA  99201-0300
> Phone:  (509) 624-5265
> Fax:   (509) 458-2728
> *Attorneys for Defendants Nationstar Mortgage LLC and U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N*

NOTICE OF REMOVAL TO FEDERAL COURT- 13
Case No.
S1820215.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2019,

1. I caused to be electronically filed the foregoing NOTICE OF REMOVAL TO FEDERAL COURT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

>  **Robert W. McDonald**
>  **Quality Loan Service Corporation of Washington**
>  **108 1st Avenue South, Suite 202**
>  **Seattle, WA  98104**
>  **rmcdonald@qualityloan.com**
>  **Phone:  (206) 596-4862**

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below:

>  **Christina L. Henry**
>  **Jacob D. DeGraaff**
>  **Henry & DeGraaff, PS**
>  **150 Nickerson St., Ste. 311**
>  **Seattle, WA 98109**
>  **chenry@HDM-legal.com**
>  **jdegraaff@HDM-legal.com**
>  **Phone:   (206) 330-0595**

>  **Vicente Omar Barraza**
>  **Barraza Law, PLLC**
>  **14245 Ambaum Blvd. SW**
>  **Burien, WA  98166-1421**
>  **omar@barrazalaw.com**
>  **Phone:  (206) 933-7861**

>  **Melissa A. Huelsman**
>  **Law Offices of Melissa A. Huelsman, P.S.**
>  **705 Second Avenue, Suite 606**
>  **Seattle, WA  98104**
>  **mhuelsman@predatorylendinglaw.com**
>  **paralegal@predatorylendinglaw.com**
>  **Phone:  (206) 447-0103**

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below:  **None.**

NOTICE OF REMOVAL TO FEDERAL COURT- 14
Case No.
S1820215.DOC

**WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: **None.**

*/s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA No. 29410

NOTICE OF REMOVAL TO FEDERAL COURT- 15
Case No.
S1820215.DOC

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728