UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY LOU GRANDE and MARK DOUGLAS GRANDE,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7 ("US BANK"), AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and Doe Defendants 1 through 20,<br><br>Defendants. | CASE NO. 2:19-cv-00333-MJP<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's Order of March 13, 2019 (Dkt. 8), the parties hereby submit this Joint Status Report and Discovery Plan and inform the Court as follows:

### I.   Nature and Complexity of the Case.

**A.   Plaintiffs' Statement of the Case**

Plaintiffs Mary Lou Grande and Mark Douglas Grande bring this lawsuit against defendants US Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7 ("US Bank"), and Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), Quality Loan Service Corporation of Washington ("QLS") and Doe

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

Defendants 1 through 20, for damages arising from a Foreclosure Fairness Act mediation under RCW 61.24.163. This case was commenced on February 4, 2019 in the Washington State Superior Court for Snohomish County under case No. 19-2-01126-31. On March 6, 2019, this case was removed to the United States District Court for the Western District of Washington under Case No. 2:19-cv-00333-MJP. All defendants have appeared, and Defendants US Bank and Nationstar have filed a Motion to Dismiss Complaint set for the motion calendar on May 10, 2019.

Plaintiffs allege claims for breach of contract, breach of good faith and fair dealing, violations of the Washington Consumer Protection Act, RCW 19.86 *et seq.,* the Equal Credit Opportunity Act (ECOA) 15 U.S.C. §§ 1691-1691f (2006), Negligent Misrepresentation, and the Tort of Outrage. Plaintiffs claim that they were offered and successfully completed a trial period plan by Nationstar, that upon completion should have resulted in a permanent modification of Plaintiffs' mortgage loan. After completing the trial plan period Nationstar offered a permanent loan modification which the Plaintiffs timely accepted but Nationstar refused to counter-sign and refused to accept payments the Plaintiffs attempted to make online to that permanent loan modification. Plaintiffs assert that Nationstar is legally obligated to permanently modify Plaintiffs' loan based on Plaintiffs' successful completion of a trial period plan and acceptance of the permanent loan modification offer that was signed on July 28, 2017 and received by Nationstar on August 8, 2017.

B. **Defendants' Statement of the Case**

The parties' dispute centers on Plaintiffs' unsuccessful attempts to obtain a permanent loan modification. Nationstar offered Plaintiffs a trial period payment plan followed by an offer of a permanent loan modification in July of 2017. At most, the allegations of the Complaint establish that Plaintiffs failed to accept the offered loan modification because they could or

would not comply with the terms of the offer to timely and properly execute and return the original loan modification documents that Nationstar provided. Defendants submit that Nationstar was under no legal or contractual duty pursuant to the Deed of Trust to modify Plaintiffs' Loan, Defendants further assert the claims against US Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7 are without merit.

## II.     Proposed Deadline to Join Additional Parties.

The parties propose May 31, 2019 as the deadline to join additional parties.

## III.     Consent to Magistrate Judge

The Parties do not consent to a Magistrate Judge conducting all pre-trial proceedings.

## IV.     Proposed Discovery Plan

### A.     *Initial Disclosures*

The parties will exchange initial disclosures by April 17, 2019, which is the deadline set forth by the Court in its Order of March 13, 2019 (Dkt No. 8).

### B.     *Subjects, Timing, and Potential Phasing of Discovery*

The parties agree that discovery will be framed by the pleadings. The parties do not anticipate needing to phase discovery at this time. The parties agree to a fact discovery cutoff date of **March 29, 2019**.

### C.     *Electronically Stored Information*

Counsel have informed their respective clients of the need to protect and preserve ESI in their possession that may be relevant to this case. Because this case is not procedurally or factually complex, the parties do not anticipate there will be much, if any, ESI discovery required. Accordingly, the parties do not feel a formal ESI discovery order is necessary at this time. In the event any issues with discovery or production of ESI arise that the parties cannot resolve informally, the parties agree such disputes should be presented to the Court using LCR 37(a)92)'s expedited joint motion procedure. Should an ESI discovery order become necessary

later in the case, the parties agree to jointly prepare such an order for the court's review and entry.

### D.    Privilege Issues

The parties shall assert attorney-client privilege, attorney work product protection, or any other applicable privilege or protection in response to any specific discovery requests to which one or more of the privileges apply. The parties shall further affirmatively indicate within their discovery responses whether privileged documents exist and are being withheld on the basis of an asserted privilege. Privilege logs will be produced concurrently with each party's discovery responses. *See also*, Section 4.E., *infra*.

### E.    Proposed Limitations on Discovery

The Defendants in this case include the mortgage loan owner/beneficiary and the loan servicer. At all relevant times, there existed a principal-agent relationship between the two Defendants. As such, the parties understand that this relationship may impact the scope of discoverable information. The scope of privilege in discovery will be governed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and by the applicable Local Rule or case law. Beyond recognizing privilege issues and their potential impact on the case, the parties do not anticipate the need for any changes or limitations on discovery at this time. The parties reserve the right to seek modifications in the future.

### F.    Need for Discovery Related Orders

The parties anticipate the need for protective order to govern the use of information in discovery designated as "confidential." The parties agree to use the Model Stipulated Protective Order, as modified by mutual agreement. The parties expect to file a proposed Stipulated Protective Order by May 1, 2019.

The parties request the Court enter an Order pursuant to Fed.R.Evid. 502(d).

### V.    Views on Rule 26(f)(1) Disclosures

The parties' views, proposals and agreements on all items set forth in Local Civil Rule 26(f)(1) are as follows:

### A. Prompt Case Resolution

The parties are open to informal settlement discussions at the present time and anticipate being amenable to such discussions as the case progresses.

### B. Alternative Dispute Resolutions

In the interest of resolving this matter in a just, timely, and cost-effective manner, the parties will consider resolution by private mediators.

### C. Related Cases

On September 28, 2018, the Defendants recorded a Notice of Trustee's sale for the Plaintiffs' property located at 25905 5th Avenue Northeast, Arlington, WA 98223 ("Property"). The Trustee's sale was set for February 8, 2019 but was continued after the filing of this lawsuit and now subject to a judicial hold pending the outcome of this matter.

### D. Discovery Management

See Paragraph 4.C, *supra*. The parties agree that discovery requests, responses, initial disclosures, deposition notices, and other case related materials not filed with the Court can be served electronically via email. The parties agree that any discovery disputes should be presented to the Court using LCR 37(a)(2)'s expedited joint motion procedure.

### E. Anticipated Discovery Sought

See Paragraph 4B, supra. The parties further respond to this topic as follows:

**Plaintiffs** currently intend to conduct discovery on the following topics:

1. Defendants' records and handling of Plaintiffs' loan file and Defendants' general policies and procedures with regard to loan modifications.

2. Defendants' records and handling of loan modifications with the servicer's name change to Mr. Cooper.

3. Processes and Procedures, contracts, and other agreements relevant to the Plaintiffs' loan signed between Nationstar LLC d/b/a Mr. Cooper and U.S. Bank.

4. Communications between Nationstar LLC d/b/a Mr. Cooper and U.S. Bank regarding the Plaintiffs' loan modifications.

     5.     Other discovery regarding the allegations in the Complaint.

**Defendants** currently intend to conduct discovery on the following topics:

     1.     Plaintiffs' communications with Defendants regarding Plaintiffs' request for the loan modification at issue in this case.

     2.     Plaintiffs' records pertaining to Plaintiffs' attempts to timely return the original loan modification documents at issue in the case.

     3.     Other discovery regarding the allegations of the Complaint.

### F. Phasing Motions.

The parties do not anticipate filing any phasing motions at this time. If a party later concludes that issues in this case require phasing, those matters will be promptly brought to the attention of the court and parties.

### G. Preservation of Discoverable Information.

The parties have undertaken efforts to preserve potentially discoverable information in their respective possession, custody and control.

### H. Privilege Issues.

*See* Paragraph 4.E., *supra*.

The parties agree that information inadvertently produced in discovery that is otherwise privileged or protected work product shall be immediately returned to the producing party, sequestered, or destroyed, except that the receiving party may retain a copy of the information solely for the purpose of challenging the designation of privilege or work product pursuant to Fed.R.Civ.P. 26(b)(5). Inadvertent production shall not constitute a waiver of such protection, if (i) such information appears on its face to have been inadvertently produced, or (ii) the producing party provides notice within a reasonable amount of time after the inadvertent production.

The parties request the court enter an order pursuant to Fed.R.Evid. 502(d).

### I. Model Protocol for Discovery of ESI

*See* Paragraph 4.C, *supra*.

**J.     Alternatives to Model Protocol**

See Paragraph 4., *supra*.

## VI.     Discovery and Pleading Deadlines

| Event | Deadline |
|---|---|
| Exchange Initial Disclosures | April 17, 2019 |
| Deadline to Join Additional Parties | May 31, 2019 |
| Deadline to Add Claims or Defenses | January 31, 2020 |
| Fact Discovery Cut-Off | March 29, 2020 |
| Expert Discovery Deadline | April 29, 2020 |
| Dispositive Motion Deadline | June 1, 2020 |
| Trial | At least 90 days following final resolution of dispositive motions. |

## VII.     Bifurcation

The parties do not anticipate any bifurcation of issues at trial at this time. If a party later concludes that issues in this case requires bifurcation, those matters will be promptly brought to the attention of the court and parties.

## VIII.     Pretrial Statements

The parties believe a pretrial statement and pretrial order called for by Local Civil Rule 16(d),(h)(i) and (k) and 16.1 should be utilized in this case.

## IX.     ADR / Individualized Trial Program

If the matter is not dismissed on dispositive motions, the parties prefer private mediation at the close of discovery. The parties decline an Individualized Trial Program for this case.

### X. Suggestions for Shortening or Simplifying the Case

At present, the parties do not have any other suggestions for shortening or simplifying the case.

### XI. Trial Date

At least 90 days after resolution of dispositive motions, if any, or 60 days following the dispositive motions deadline if no motions are filed.

### XII. Jury or Non-Jury Trial

Plaintiffs request a jury trial. Neither defendant requests a jury trial. Any claim for injunction relief should be resolved by the court.

### XIII. Trial Days

The parties expect this cases will require 5 trial days.

### XIV. Trial Counsel

The names, addresses, and telephone numbers of all trial counsel are listed below as undersigned counsel.

### XV. Trial Date Conflicts

The parties assume any trial in this matter will occur after June 1, 2020. Based on that understanding:

- Plaintiffs do not have any known conflicts after June 1, 2020 at this time
- Defendants do not have any known conflicts after June 1, 2020 at this time.

### XVI. Service

Plaintiffs have effected service on all Defendants.

### XVII. Scheduling Conference

Absent a material deviation or specific request from the court, the parties do not require a scheduling conference with the court before it enters a scheduling order in this case.

### XVIII. Initial Disclosures – LCR 7-1

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper filed its initial corporate disclosure statement on March 7, 2019 (Dkt No. 3). Defendant U.S. Bank, as Trustee, filed its

initial corporate disclosure statement on March 7, 2019 (Dkt No. 4).  Defendant Quality Loan Service Corporation of Washington filed its initial corporate disclosure statement on March 14, 2019 (Dkt No. 10).

DATED this 24th day of April 2019.

 /s/ Christina L Henry
Christina L Henry, WSBA 31273
Jacob D. DeGraaff, WSBA# 36713
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com,
jacobd@hdm-legal.com

 /s/ Vicente Omar Barraza
Vicente Omar Barraza, WSBA 31273
BARRAZA LAW, PLLC
Counsel for Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
206-933-7861 / Fax 206-933-7863
omar@barrazalaw.com

 /s/ Melissa A. Huelsman
Melissa A. Huelsman, WSBA 30935
Law Offices of Melissa A. Huelsman
Counsel for Plaintiffs
705 2nd Ave, Ste 601
Seattle, WA 98104-1726
206-447-0103 / Fax 206-673-8220
mhuelsman@predatorylendinglaw.com

| | |
|---|---|
| _/s/ Robert W. McDonald_<br>Robert W. McDonald, WSBA<br>Quality Loan Service Corp of WA<br>108 1st Ave S, Ste 202<br>Seattle, WA 98104<br>Tel# 206-596-4862<br>Fax# 206-274-4902<br>rmcdonald@qualityloan.com,<br>cvnotice@mccarthyholthus.com,<br>rockymcdonald@gmail.com<br>*Attorneys for Defendant Quality Loan Service Corp. of WA* | _/s/ Christopher G. Varallo_<br>Christopher G. Varallo, WSBA<br>Steven J. Dixson<br>Witherspoon Kelley<br>422 W. Riverside Ave, Ste 1100<br>Spokane, A 99201-0300<br>Tel# 509-624-0300<br>Fax# 509-458-2728<br>cgv@witherspoonkelley.com<br>sjd@witherspoonkelley.com<br>terrye@witherspoonkelley.com<br>aliciaa@witherspoonkelley.com<br>*Attorneys for Defendants Nationstar Mortgage LLC and U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N* |

CERTIFICATE OF SERVICE

I, Christina L Henry, declare as follows:

I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

On April 24, 2019, I caused to be served a Joint Status Report and Discovery Plan electronically via USDC court system CM/ECF:

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of April 2019, at Seattle, Washington.

_____
Christina L Henry