Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
*Attorneys for Defendants Nationstar*
*Mortgage LLC and U.S. Bank National*
*Association, as Trustee for Lehman XS*
*Trust Mortgage Pass-Through Certificates*
*Series 2007-7N*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY LOU GRANDE and MARK DOUGLAS GRANDE,<br><br>                Plaintiffs,<br><br>    vs.<br><br>US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7N ("US BANK"), AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and Doe Defendants 1 through 20,<br><br>                Defendants, | No.  2:19-cv-00333-MJP<br><br>DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-2N AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES |

     Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and U.S. Bank,

National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates

Series 2007-7N ("U.S. Bank") (collectively "Defendants") herein submit the follow Opposition

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

to the Motion to Strike Affirmative Defenses filed by plaintiffs Mary Lou Grande and Mark

Douglas Grande ("Plaintiffs").

## I.  INTRODUCTION

Courts in the Ninth Circuit, including the Western District, have specifically declined to

extend the *Twombly/Iqbal* heightened pleading standard to affirmative defenses.   More

fundamentally, Plaintiffs fail to show how they have been prejudiced by Defendants' Answer

and Affirmative Defenses. Therefore, the Court should deny Plaintiffs' Motion to Strike. To the

extent that the Court grants the Motion in part or in its entirety, Defendants should be given

leave to amend their Answer and Affirmative Defenses so that the case can proceed on the

merits.

## II.  LEGAL ARGUMENT

### A.    Legal Standard

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

12(f). To show that a defense is "insufficient," "the moving party must demonstrate that there

are no questions of fact, that any questions of law are clear and not in dispute, and that under no

set of circumstances could the defense succeed."  *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D.

Cal. 1995).  "'Immaterial' matter is that which has no essential or important relationship to the

claim for relief or the defenses being pleaded . . . . 'Impertinent' matter consists of statements

that do not pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*,

984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5A Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure: Civil 2d, § 1382, at 706 - 07, 711 (1990)), *rev'd on other grounds by*

*Fogerty v. Fantasy, Inc*., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

"'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing *Gilbert v. Eli Lilly Co.*, Inc., 56 F.R.D. 116, 121, n. 4 (D.P.R. 1972)).

"In general, courts disfavor motions to strike, given the strong policy preference for resolving issues on the merits." *Lister v. Hyatt Corp.*, 2019 U.S. Dist. LEXIS 178794, *6-7, 2019 WL 5190893 (W.D. Wash. 2019) (citing *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014)   "It is well established that the action of striking a pleading should be sparingly used by the courts." *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (reversing an order granting plaintiff's motion to strike affirmative defenses).  Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice." *Id.*  "Rule 12(f) motions to strike are 'generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *White v. Hansen*, No. C 05-784 SBA, 2005 WL 1806367, at *14 (N.D. Cal. July, 8 2005); *Alco Pacific*, 217 F. Supp. 2d at 1033 (citing *Sands*, 902, F. Supp at 1166); 2-12 James W. Moore, Federal Practice-Civil § 12.37; Wright & Miller, Federal Practice and Procedure, § 1381 (3d ed. 2011). On a motion to strike, the court must "view[] the pleadings in the light most favorable to the non-moving party and resolve[] any doubt as to the relevance of the challenged allegations or sufficiency of a defense in defendant's favor." *Alco Pacific*, 217 F. Supp. 2d at 1033 (citing *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

**B.** **The *Twombly/Iqbal* Heightened Pleading Standard Does Not Apply to Answers or Affirmative Defenses So Defendants' Answer and Defenses Are Proper.**

Without mentioning *Twombly* or *Iqbal*, Plaintiffs nonetheless assert that Defendants must provide a factual and legal basis for each of the nineteen affirmative defenses which they are asserting in their Answer and Affirmative Defenses. Motion at 2. In so asserting, Plaintiffs claim they are not pursuing form over function, but rather simply wish to be apprised of Defendants' defenses. *Id*. This argument, however, is unavailing as Defendants' Answer and Affirmative Defenses clearly provide Plaintiffs' fair notice of the current status of the defenses which are being asserted by Defendants.

While Plaintiffs attempt to hold Defendants to a heightened pleading standard, Federal Rule of Civil Procedure 8 makes clear that a defendant is not required to provide detailed facts supporting each defense, but must simply alert the plaintiff of the existence of the issue. Courts have historically and routinely applied a simple fair notice pleading requirement to affirmative defenses. *See, e.g., Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir 1979) ("[t]he key to pleading an affirmative defense is to give the plaintiff fair notice of the defense"); *White*, 2005 WL 1806367, at *14 (N.D. Cal. 2005). ("Rule 12(f) motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'").

The U.S. Supreme Court's *Twombly* and *Iqbal* decisions did not change the standard for pleading affirmative defenses. In *Twombly* and *Iqbal*, the United States Supreme Court clarified Rule 8(a)(2)'s short and plain statement requirement. Specifically, the Court held that a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In *Iqbal*, the Court explained that a claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

However, neither *Twombly* nor *Iqbal* discussed whether their respective holdings apply to answers or affirmative defenses.  While courts are divided on this question, an increasing number of courts, including those in the 9th Circuit, have declined to extend the *Twombly*/*Iqbal* heightened pleading standard to affirmative defenses.  *See, e.g., J & J Sports Prods., Inc. v. Scace*, No. 10cv2496-WQH-CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) (declining to extend *Twombly* to affirmative defenses); *Meas v. CVS Pharmacy, Inc.*, No. 11cv0823 JM, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011) (same); *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.,* No. SA CV 11-1161 DOC, 2012 WL 177576, at *2 (C.D. Cal. Jan. 20, 2012) (denying motion to strike affirmative defenses, finding that the "standard" affirmative defenses, "[w]hile . . . set forth in the plainest of terms," were sufficient under Rules 8(b)(1) and 8(c), "especially given the fact that this method of pleading affirmative defenses is set forth in the exemplar text of Rule 8(c)."); *Baroness Small Estates, Inc. v. BJ's Rests., Inc*., No. SACV 11-00468-JST, 2011 WL 3438873, at *5-6 (C.D. Cal. Aug. 5, 2011) (defendant notified plaintiff of its affirmative defenses, "each of which, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case"). Indeed, the Western District of Washington has clarified as recently as six months ago that it has not adopted *Twombly*/*Iqbal* for affirmative defenses:

> At the outset, plaintiff argues that defendants' affirmative defenses fail to make out a claim under the heightened pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  However, to date, this district has not applied the heightened pleading standard to affirmative defenses.  *See Opico v. Convergent Outsourcing, Inc*., 18-cv-1579-RSL, 2019 U.S.

WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

1    Dist. LEXIS 67238, 2019 WL 1755312, at *1 n.1 (W.D. Wash.
2    April 19, 2019); *Cal. Expanded Metal Prods. Co. v. Klein*, C18-
     0659-JLR, 2018 U.S. Dist. LEXIS 202850, 2018 WL 6249793, at
3    *7 (W.D. Wash. Nov. 29, 2018). Thus the Court denies the
     request to strike affirmative defenses on this basis.
4

5    *Santiago v. Gage*, No. 3:18-cv-05825-RBL-JRC, 2019 U.S. Dist. LEXIS 88059, *4 (W.D.

6    Wash. May 24, 2019). See also, *Tyco Fire Products, LP v. Victaulic Company*, 777 F. Supp. 2d

7    893, 900-01 (E.D. Pa. 2011); *Schlief v. Nu-Source, Inc*., No. 10-4477 DWF/SER, 2011 WL

8    1560672, at *9 (D. Minn. Apr. 25, 2011).

9
         Courts have also applied a three-pronged test for evaluating Motions to Strike Answers,
10
     requiring plaintiffs to show that: 1) there is no possible set of facts that might allow the defense
11
     to succeed; 2) there is no question of law that might allow the defense to succeed; and 3) the
12
     plaintiff would be prejudiced by inclusion of the defense. *See, e.g., SEC v. Alexander*, 248
13
     F.R.D. 108, 109 (E.D.N.Y. 2007), and cases cited. In sum, Defendants are not required to
14
     provide factual or legal support for their affirmative defenses, as Plaintiffs suggest, because
15
     *Twombly* and *Iqbal* simply did not alter the low pleading standard for answers or affirmative
16
     defenses.
17

18
**C.    Defendants' Affirmative Defenses Give Plaintiffs Appropriate Notice of What
19          Defenses Are Being Asserted.**

20       In addition to the reasons outlined above, Defendants' affirmative defenses are proper
21
     because they are tailored to Plaintiffs' Complaint:
22

23   **First Affirmative Defense:  Failure to State a Claim**
24
     •   The drafters of the Federal Rules of Civil Procedure considered "failure to state a
25
         claim" to be a valid affirmative defense.  They expressly included this defense in Form
26
         30.  Fed. R. Civ. P., Form 30; *see also* Fed. R. Civ. P. 84 ("the forms in the Appendix
27
         suffice under these rules and illustrate the simplicity and brevity that the rules
28

**WK   WITHERSPOON·KELLEY**
      Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

contemplate.").

- Rule 12(h)(2) states that "[f]ailure to state a claim upon which relief can be granted . . . may be raised (A) in any pleading allowed or ordered under Rule 7(a)," which includes "an answer to a complaint." Fed. R. Civ. P. 12(h)(2); Fed. R. Civ. P. 7(a)(2).

**Second Affirmative Defense:  Statutes of Limitation**

- Federal Rules of Civil Procedure require only that a defendant "state in short and plain terms" its defenses.  Fed. R. Civ. P. 8(b).  Defendants have complied with this requirement.  Discovery will reveal when Plaintiffs first knew of their particular causes of action and will deem what particular statutes of limitations are relevant to the lawsuit.

**Third Affirmative Defense:  Waiver, Estoppel and Laches**

- The defenses of estoppel and waiver are sufficiently asserted "in a conclusory manner, providing no factual support, "under the applicable notice pleading standard.  *Vogel v. Linden* Optometry *APC*, No. CV 13-00295 GAF, 2013 WL 1831686 at *5 (C.D. Cal. Apr. 30, 2013); *see also Enough for Everyone*, *Inc.* 2012 WL 177576 at *3 (C.D. Cal. Jan. 20, 2012).  The "nature of the defense is well known," thus asserting estoppel and waiver in a conclusory manner provides fair notice.  *Vogel*, 2013 WL 1831686 at *5.

**Fifth Affirmative Defense:  Mistake**

- Federal Rules of Civil Procedure require only that a defendant "state in short and plain terms" its defenses.  Fed. R. Civ. P. 8(b).  Defendants have complied with this requirement.  Plaintiffs have asserted that the parties formed a contract to modify their loan, and Defendants assert that no loan modification agreement was ever formed.  One

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

of the reasons for this is the possibility that the parties were mistaken about a material fact within the alleged contract.

**Sixth Affirmative Defense:   Consent/Acquiescence; Seventh Affirmative Defense: Ratification:**

- Federal Rules of Civil Procedure require only that a defendant "state in short and plain terms" its defenses. Fed. R. Civ. P. 8(b).   Defendants have complied with this requirement.   Under the affirmative defense of consent a person who voluntarily consents to a particular act cannot also claim that the same act is an intentional tort. Here Plaintiffs allege that they repeatedly executed loan modification agreements which were never implemented.   The fact that Plaintiffs executed loan modification agreements after asserting that they had already accepted a loan modification amounts to consent/acquiescence that the original agreement that they executed was never effective, or that they ratified the revocation of the loan modification by pursuing a subsequent modification offer.

**Fourth Affirmative Defense:  Justification and Privilege; Eighth Affirmative Defense: Fault of Plaintiffs; Ninth Affirmative Defense:   Fault of Others; Tenth Affirmative Defense:  Unclean Hands; Eleventh Affirmative Defense:   Contributory Fault:**

- Federal Rules of Civil Procedure require only that a defendant "state in short and plain terms" its defenses. Fed. R. Civ. P. 8(b). Defendants have complied with this requirement.  After the initial loan modification offer was withdrawn due to an error with the paperwork, Plaintiffs received a corrected loan modification offer on two separate occasions, but failed to properly accept the offer in either instance, resulting in no modification being implemented.

**WK  WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Twelfth Affirmative Defense:   No Damages/Speculative Damages; Thirteenth Affirmative Defense:   Failure to Mitigate; Fourteenth Affirmative Defense: Consistent with Law and Applicable Regulations; Fifteenth Affirmative Defense: Good Faith; Sixteenth Affirmative Defense:   Punitive Damages; Seventeenth Affirmative Defense: Negligence:**

- Federal Rules of Civil Procedure require only that a defendant "state in short and plain terms" its defenses. Fed. R. Civ. P. 8(b). Defendants have complied with this requirement.

- All of these defenses are adequately alleged as they bear on the subject matter of the litigation and give Plaintiffs fair notice of the facts giving rise to the defense.  *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

- Although Plaintiffs argue some of Defendants' defenses are inconsistent that is not grounds for striking those defenses.  *Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995). (holding inconsistent legal positions are not foreclosed by the Rules of Civil Procedure.)

- Plaintiffs also argue that several of Defendants' affirmative defenses should be stricken because they negate elements of Plaintiffs' claims or are purportedly redundant with the denials in the answers.  Even if this were true, however, "denials that are improperly pled as defenses should not be stricken for that reason alone." *J & J Sports Prods., Inc. v. Delgado*, No. CIV 2:1002517 WBS KJN, 2011 WL 219594, *2 (E.D. Cal. Jan. 19, 2011);  *Mattox v. Watson*, No. CV 07-5006-RGK, 2007 WL 4200213, *3 (C.D. Cal. Nov. 15, 2007);  *See also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1269 (2d Ed.1990) (observing that "the federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled."); *Smith v. Wal-Mart Stores*, No.

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

C 06-2069 SBA, 2006 WL 2711468 at *9 (N.D. Cal. Sept. 20, 2006) ("while denials which negate elements of Plaintiffs' claims should not be pled as affirmative defenses, Plaintiffs fail to show that this alleged pleading error provides adequate grounds for striking pleadings.").

• Notwithstanding, if the Court agrees with Plaintiffs, leave to amend should be permitted for the reasons stated below in Section G.

**Nineteenth Affirmative Defense:  Reservation of Additional Defenses**

• Defendants will assert new defenses only in compliance with the procedural requirements relating to the pleading of new matters (e.g., by moving to amend or securing a stipulation regarding amendment).  *See Alco Pacific*, 217 F. Supp. 2d at 1045 (denying motion to strike defendant's reservation of right to assert further affirmative defenses where defendant clarified that it would assert new defenses only in compliance with the procedural requirements relating to the pleading of new matters).

D.   **Defendants' Affirmative Defenses Are Sufficient to Put Plaintiffs on Notice.**

Plaintiffs contend that each of Defendants' affirmative defenses are "boilerplate recitation(s)" lacking "factual basis or context" and should be stricken for failure to provide "fair notice" of the nature of each defense.  Motion at 7-9.  Plaintiffs are wrong.  Just as the Court held in *Enough for Everyone*, an affirmative defense, even if set forth "in the plainest of terms," is sufficiently pled under Rule 8(b)(1) and 8(c).  2012 WL 177576, at *2-3.  Here, Defendants' affirmative defenses sufficiently alert Plaintiffs to the existence of particular issues, *e.g.*, that Plaintiffs' claims are subject to statutes of limitation (Affirmative Defense No. 2), the Plaintiff's damages were caused or contributed to by Plaintiffs' acts and not by any act of Defendants, and could have been mitigated (Affirmative Defenses Nos. 3, 6, 7, 8, 9, 10, 11,

WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

13, 17), or that Defendants complied with the law and acted in good faith (Affirmative Defenses Nos. 14, 15). Under the fair notice standard, Defendants need not plead a detailed statement of the facts upon which the defense is based. *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Accordingly, through discovery, Defendants intend to obtain evidence showing that Plaintiffs' failure to pay obtain a modification was caused by their failure to comply with the instructions by properly and timely accepting the loan modification offer which Defendants forwarded to them.

**E.     It Would Be Premature to Strike Any of Defendants' Affirmative Defenses as Irrelevant or "Not Actual Defenses" to Plaintiffs' Claims.**

Plaintiffs contend that some of Defendants' affirmative defenses are irrelevant to the litigation or are not actual defenses. But at this early stage of the litigation, before any deposition has been conducted, it would be improper and premature to grant a motion to strike on such a basis. The Plaintiffs here "bear[] the burden of demonstrating that there is no question of fact or significant question of law that precludes assertion of the defense." *Alco Pacific,* 217 F. Supp. 2d at 1043.

"Even when the defense presents a purely legal question, . . . courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." 5 Charles Wright & Arthur Miller, Federal Practice & Procedure, § 1381, at 800-01; *see also Sands*, 902 F. Supp. at 1166. The discovery process may reveal facts that relate to some or all of Defendants' affirmative defenses. Because Plaintiffs have not shown that there is absolutely no set of facts that might allow Defendants' defenses to succeed, their motion to strike should be denied. *See Alco Pacific*, 217 F. Supp. 2d at 1044 (*citing Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986)).

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

**F.**    **Plaintiffs Will Suffer No Prejudice by the Inclusion of Any of Defendants' Affirmative Defenses.**

Because a motion to strike is disfavored, it "should only be granted if 'the matter . . . may prejudice one or more of the parties to the suit.'"  *N.Y. City Employees' Ret. Sys. v. Berry,* 667 F. Supp. 2d 1121, 1128 (N.D. Cal., 2009) (quoting *Rivers v. County of Marin,* 2006 WL 581096, at *2 (N.D. Cal., 2006)).  Prejudice exists where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters.  *See Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (avoiding confusion); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York,* 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (avoiding increased expense and burdensome discovery).  "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'"  *N.Y. City Employees' Ret. Sys.,* 667 F. Supp. 2d at 1128 (quoting *Rivers,* 2006 WL 581096, at *2); *see Miller v. Ghirardelli Chocolate Co.,* No. C 12-04936 LB, 2013 WL 3153388, at *4-6 (N.D. Cal. June 19, 2013) (denying motion to strike as to each affirmative defense where plaintiff did not allege prejudice); *Joe Hand Promotions, Inc. v. Dorsett,* No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, *2-6 (E.D. Cal. Apr. 3, 2013) (same); *Vogel v. AutoZone Parts, Inc.,* No. CV 13-0300-CAS, 2013 WL 2395905, *2 (C.D. Cal., May 31, 2013) (denying motion to strike and observing that "Defendant's affirmative defense that . . . the complaint fails to state a claim upon which relief may be granted, for example, do[es] not prejudice plaintiff in any way"); *Weddle v. Bayer AG Corp.,* No. 11CV817 JLS, 2012 WL 1019824 (S.D. Cal., Mar. 26, 2012) (denying motion to strike, even as to "defenses" better characterized as denials, where plaintiff failed to plead prejudice); *see also* 5C Wright & Miller, Federal Practice and Procedure § 1381, at 421 (3d ed.

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

2004) (even where motion to strike may be technically appropriate, the court need not grant the motion in the absence of showing of prejudice to the moving party).

Here, Plaintiffs do not identify any prejudice that will result by not striking the affirmative defenses Defendants allege within their Answer. Striking any affirmative defense thus "does nothing to streamline the course of this litigation." *Vogel*, 2013 WL 2395905, at *2; *Joe Hand Promotions, Inc.*, 2013 WL 1339231, at *2 (denying motion to strike in its entirety "for lack of demonstrated prejudice to Plaintiff").

The same holds true here specifically for Affirmative Defense No. 19, in which Defendants reserve their right to assert further affirmative defenses. While Plaintiffs contend that this is not a proper affirmative defense (Motion at 10), its inclusion is not prejudicial to Plaintiffs.

**G.    If the Court Determines Any Paragraph to Defendants' Answer or Affirmative Defenses Should be Struck, It Should Grant Defendants Leave to Amend.**

Absent prejudice, courts freely grant leave to amend stricken pleadings. *Wyshak*, 607 F.2d at 826; *see also* Fed. R. Civ. P. 15(a) (leave to amend should be freely given). Thus, if the Court is inclined to grant Plaintiffs' motion as to any answer or affirmative defense, the Court should also grant leave to amend so that Defendants can address any deficiency in the pleading. Wright & Miller, *Federal Practice & Procedure,* § 1381, at 431 ("When a motion under Rule 12(f) to strike a defense as insufficient is granted, it is often with leave to amend, as is true of the practice under Rule 12(b)(6) when a complaint is dismissed as insufficient.").

### III.  CONCLUSION

For all the reasons stated above, the Court should deny Plaintiffs' Motion to Strike. To the extent that the Court grants the Motion in part or in its entirety, Defendants should be given leave to amend their affirmative defenses.

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

1  DATED this 30th day of December, 2019.

2                                  WITHERSPOON · KELLEY

3
4  By:  *s/ Christopher G. Varallo*
         Christopher G. Varallo, WSBA #29410
5         Steven J. Dixson, WSBA #38101
         cgv@witherspoonkelley.com
6         sjd@witherspoonkelley.com
         422 W. Riverside Avenue, Suite 1100
7         Spokane, WA  99201-0300
         Phone:  (509) 624-5265
8         Fax:   (509) 458-2728
         *Attorneys for Defendants Nationstar*
9         *Mortgage LLC and U.S. Bank National*
         *Association, as Trustee for Lehman XS Trust*
10        *Mortgage Pass-Through Certificates Series*
         *2007-7N*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2019,

1.      I caused to be electronically filed the foregoing DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-2N AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

> **Christina Latta Henry**
> chenry@HDM-legal.com; HenryDeGraaffPS@jubileebk.net;
> mainline@hdm-legal.com
>
> **Jacob Daniel DeGraaff**
> mainline@hdm-legal.com; henrydegraaffps@jubileebk.net
>
> **Melissa A. Huelsman**
> mhuelsman@predatorylendinglaw.com;
> paralegal@predatorylendinglaw.com; wsmith@predatorylendinglaw.com
>
> **Robert W. McDonald**
> rmcdonald@qualityloan.com; cvnotice@mccarthyholthus.com;
> rockymcdonald@gmail.com
>
> **Vicente Omar Barraza**
> omar@barrazalaw.com; admin@barrazalaw.com; vobarraza@gmail.com

2.      I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below: **None.**

3.      I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: **None.**

4.      I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: **None.**

*s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA No. 29410

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE
DEFENSES - 15
Case No. 2:19-cv-00333-MJP
S1957085.DOC

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728