1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

9

10

MARY LOU GRANDE and MARK
DOUGLAS GRANDE,
                    Plaintiffs,

     vs.

11

12

13

14

15

16

US BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR LEHMAN XS TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-7 ("US
BANK"), AND NATIONSTAR MORTGAGE
LLC D/B/A MR. COOPER, QUALITY LOAN
SERVICE CORPORATION OF
WASHINGTON and Doe Defendants 1 through
20,Defendants.

No.  2:19-CV-00333-MJP

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES

NOTE ON MOTION CALENDAR:
January 3, 2019

17

18

19

     COMES NOW, Plaintiffs Mary Lou Grande and Mark Douglas Grande ("Grandes"),

through counsel, bring a Reply in Support of Plaintiff's Motion to Strike Affirmative Defenses of

Defendants as follows:

20

**I.  INTRODUCTION**

21

22

23

24

     Plaintiffs have respectfully requested this Court strike Defendants' affirmative defenses,

with leave to amend if Defendants can articulate the bases for their affirmative defenses.  To the

extent Defendant has asserted facts or defenses which do not constitute "affirmative defenses,"

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 1

Plaintiffs respectfully request these be stricken without leave to amend.  Defendants have articulated additional bases for some of their affirmative defenses in their Response which may justify granting leave to amend.  However, the "affirmative defenses" that Defendants admit are not really affirmative defenses at all should be stricken with prejudice, since they are immaterial and redundant and do not put the Plaintiffs on notice of anything.

## II.  LAW AND ARGUMENT

### A.      Applying the Twombly/Iqbal Standard is Proper but Not Necessary

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Whether to grant a motion to strike lies within the discretion of the district court." *Lister v. Hyatt Corp.,* No. C18-0961JLR, 2019 WL 5190893, at *4 (W.D. Wash. Oct. 15, 2019), *citing Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002).

The Defendants appear to agree that motions to strike are appropriate where a party has insufficiently pleaded its affirmative defenses such that the Plaintiff is not placed on fair notice of the facts underlying the defense, citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (articulating "fair notice" standard).  Plaintiffs have not argued for application of the *Iqbal/Twombly* standard, nor is it necessary to apply that standard to find the Defendants' affirmative defenses deficient as pled.  However, the US District Court for the Northern District of California argues that *Wyshak* requires the application of the *Iqbal/Twombly* standard, since *Wyshak* was based on applying the previous *Conley* standard for complaints to affirmative defenses:

> As other judges in the Northern District of California have already
> explained, *Twombly* and *Iqbal* changed the legal foundation underlying the Ninth
> Circuit's *Wyshak* decision, and the reasoning in those decisions also applies in the
> context of affirmative defenses. [5] "At the time *Wyshak* was decided, the fair
> notice pleading standard was governed by *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct.
> 99, 2 L.Ed.2d 80 (1957), which held that 'a complaint [could] not be dismissed
> for failure to state a claim unless it appear[ed] beyond doubt that the plaintiff
> [could] prove no set of facts in support of his claim which would entitle him to
> relief.' " "In *Wyshak,* the Ninth Circuit applied the *Conley* pleading standard for

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 2

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

complaints to the pleading of affirmative defenses." *Id.* "However, the Supreme Court's *Twombly* and *Iqbal* decisions in 2007 and 2009, respectively, departed from *Conley* and redefined the pleading requirements under Rule 8." *Id.* "Courts have observed that 'Rule 8's requirements with respect to pleading defenses in an answer parallel the Rule's requirements for pleading claims in a complaint,' " *id.* (quoting *Barnes [v. AT & T Pension Benefit Plan]*, 718 F.Supp.2d 1167, 1172 [2010] ), and "this parallelism appears to be the very reason the Ninth Circuit applied *Conley* to the pleading of affirmative defenses in *Wyshak*," *id.* (citing *Wyshak*, 607 F.2d at 827). Especially in light of the fact that the defendant bears the burden of proof on an affirmative defense, as the plaintiff does on a claim for relief, " '*Twombly* 's rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses.' " *Barnes & Noble, Inc. [v. LSI Corp.]*, 2012 U.S. Dist. LEXIS 12719, 2012 WL 359713, at \*2.

*Gonzalez v. Preferred Freezer Servs., LBF, LLC*, No. CV 12-3467 ODW FMO, 2012 WL 2602882, at \*2 (C.D. Cal. July 5, 2012), citing *Powertech Tech., Inc.,* 2012 U.S. Dist. LEXIS 68711, \*11.

Importantly, nearly every one of the cases cited by Defendants in their argument for application of a lesser pleading standard still resulted in the District Court striking at least some affirmative defenses, while the court in *Lister v. Hyatt Corp.* ended up deferring in part the question of whether to strike affirmative defenses, in order to give the Defendants 7 days to file a supplemental response with sufficient factual allegations to justify several of their affirmative defenses.

Defendants cite *Meas v. CVS Pharmacy, Inc.,* No. 11CV0823 JM JMA, 2011 WL 2837432, (S.D. Cal. July 14, 2011) to support their argument that the *Iqbal/Twombly* heightened pleading standard be rejected, but the court in *Meas* explained that it was unreasonable to hold the Defendant in that case to a higher standard because: "[f]rom a practical point of view, a plaintiff may investigate a potential claim for weeks, months, or even years before filing a complaint. To expect a defendant to investigate and to adequately prepare an answer containing all relevant affirmative defenses within 21 days of service of the complaint, Fed.R.Civ.

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 3

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

12(a)(1), would seem to be unrealistic in most cases, subject to the nature and complexities of each case." *Id. at 3.* Yet in this case, the Complaint was filed in February and removed by Defendants to this court in March 2019. The Defendants filed a motion to dismiss which was granted in part and denied in part in July, and the Defendants finally filed an answer on November 18, 2019. Given this timeline, they were not under the same constraints as the court contemplated in *Meas*, and Defendants surely know more about their affirmative defenses by now, as indicated by the supplemental information provided in their Response.

Defendants suggest that Motions to Strike Affirmative Defenses are Discouraged in the Western District of Washington, but Plaintiff's counsel's experience has been otherwise. In July, the court in *Smith* required more than a naked assertion of boilerplate:

> Under Federal Rule of Procedure 8, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b); *see also Rosen v. Marketing Grp, LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) ("Affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief.").

*Smith v. Bank of New York Mellon*, No. C19-0538-JCC, 2019 WL 3428744, at *1 (W.D. Wash. July 30, 2019) (striking all affirmative defenses with leave to amend on some).

### B.     *Each Claimed Affirmative Defense is Deficient*

Defendant now asserts nineteen (19) affirmative defenses, many of which do not constitute an affirmative defense or are otherwise devoid of any meaningful factual assertions. Dkt #33. Defendants have attempted to clarify some of these defenses in their answer, but any such clarification should be done in the form of an amended answer.

### 1.     <u>"Failure to State a Claim" (dkt # 33 pg 24 line 19).</u>

"By definition, "[a] defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)." *Smith* at *1. "The assertion of failure to state a claim upon which relief can be

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 4

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

granted is not an *affirmative* defense; rather, it challenges the legal or factual sufficiency of a plaintiff's claims, and necessarily means that the plaintiff cannot meet his or her burden of proof." *Ibid.* Defendants also ignore the fact that this Court has already ruled on their motion to dismiss, thus should be precluded from asserting this even if it were otherwise a valid affirmative defense. This should be stricken with prejudice.

### 2.    "Statute of Limitations" (dkt # 33 at Page 24 line 24)

This boilerplate assertion does not give Plaintiffs fair notice because it does not state the applicable statute of limitations or which of Plaintiffs' claims are barred. See *Kohler*, 291 F.R.D. at 470.  This contrasts with *Wyshak*, where the amended answer attached a memorandum making specific mention of the code section on which the Defendant relied (*Wyshak at 827*), therefore it was sufficiently pled.  Defendants have not corrected this deficiency in their response, and this affirmative defense should be stricken.

### 3.    "Waiver, Estoppel, Laches" (dkt #33 at Page 24 line 26)

Defendants again have not supplemented the factual or legal allegations, merely asserting that bare recitation of the doctrine is enough, and this affirmative defense should be stricken.

### 4.    "Justification and Privilege" (dkt #33 at Page 25 line 3)

In their response, Defendants reveal that this claimed affirmative defense is merely a re-phrasing of the eighth through eleventh affirmative defenses.  As such, it is redundant and should be stricken without leave to amend.

### 5.    "Mistake" (dkt #33 at page 25 line 6)

The Defendants for the first time in their response clarify that what they intended by this is a mutual mistake under contract law.  If that is their intention, this affirmative defense should be stricken with leave to amend, specifically asserting which claims this is a defense to.

### 6.    "Consent/Acquiescence" (dkt #33 at page 25 line 10)

The Defendants have sought to clarify this affirmative defense in their response, demonstrating that this affirmative defense should be stricken with leave to amend. See also

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 5

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

*Smith at 3:* ("Defendants BONY and Shellpoint assert in their fifth affirmative defense that Plaintiff "has consented to, ratified, or acquiesced in all of the alleged acts or omissions of which she complains." (Dkt. No. 19 at 16.) Defendants' sixth affirmative defense is essentially duplicative of the fifth, alleging that "by conduct, acts and/or omissions, Plaintiff consented to and acquiesced in Defendants' alleged conduct." (*Id.*) This boilerplate language does not give Plaintiff fair notice because it lacks any factual support as to which acts Plaintiff consented to, which acts she ratified, and which acts she acquiesced in.")

### 7.   **"Ratification" (dkt #33 at page 25 line 14)**

Defendants equate this affirmative defense to the sixth (consent/acquiescence). As it is admittedly redundant, it should be stricken entirely or further clarified.

### 8.   **"Fault of Plaintiffs" (dkt #33 at page 25 line 20)**

Defendants lump this defense in with others, but fail in their response to state what could have been the Plaintiffs' fault. This affirmative defense should therefore be stricken.

### 9.   **"Fault of Others" (dkt #33 at page 25 line 25)**

Even in their response, Defendants have not identified who this third party could be, now why they are necessary to this litigation. Nor have they alleged any facts that would indicate a third party is necessary to this litigation. This is more meaningless boilerplate that should be stricken.

### 10.   **"Unclean Hands" (dkt #33 at page 26 line 3)**

Defendants attempt to clarify this by saying plaintiffs "failed to properly accept" the "corrected loan modification offer". If this affirmative defense is stricken with leave to amend, Defendants should be required to explain which claim(s) they believe this is a defense to.

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 6

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

**11.    "Contributory Fault" (dkt #33 at page 26 line 7)**

Just as with 8 through 10, Defendants have failed when given the opportunity to allege any contributory actions.  If this affirmative defense is stricken with leave to amend, Defendants should be required to explain which claim(s) they believe this is a defense to.

**12.    "No Damages/Speculative Damages" (dkt #33 at page 26 line 14)**

"Essentially, Defendant is asserting that Plaintiff failed to meet one element of her burden of proof; however, as previously discussed, a challenge to the sufficiency of a plaintiff's claims is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088." *Smith* at *2. This gives Plaintiffs no notice of any actual affirmative defense and should be stricken with prejudice.

**13.    "Failure to Mitigate" (dkt #33 at page 26 line 18)**

This alleged affirmative defense is completely devoid of any factual basis and fails to state which damages the Plaintiffs failed to mitigate.   It does not give fair notice to Plaintiffs and should be stricken.  This exact defense was stricken for the same reason in *Smith* at 2.

**14.    "Consistent with Law and Applicable Regulations" (dkt #33 at page 26 line 22)**

See number 12 above and *Smith* – this is not an affirmative defense and should be stricken with prejudice.

**15.    "Good Faith" (dkt #33 at page 26 line 26)**

See number 14 above.

**16.    "Failure to State a Claim for Punitive Damages" (dkt #33 at page 27 line 3)**

See number 14 above.

**17.    "Negligence" (dkt #33 at page 27 line 8)**

See number 14 above.

**18.    "Setoff" (dkt #33 at page 27 line 12)**

Defendants have failed to address this claimed affirmative defense at all in their response. It should be stricken with prejudice.

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

19. **"Reservation of Right to Assert Additional Defenses" (dkt #33 at page 27 line 17.**

This is on its face not an affirmative defense at all, provides no notice to Plaintiffs of possible affirmative defenses, and should be stricken summarily.  It was also stricken in *Smith*, and in *J & J Sports Prods., Inc. v. Scace,* No. 10CV2496-WQH-CAB, 2011 WL 2132723, at *2 (S.D. Cal. May 27, 2011) (cited by Defendants rejecting *Iqbal/Towmbly*).

### III.  CONCLUSION

Even when held to the original standard of *Conley* relied on by *Wyshack*, Defendants' claimed affirmative defenses are not sufficient to put Plaintiffs on adequate notice for discovery purposes, are redundant, and create confusion as opposed to clarity.

For the foregoing reasons, Plaintiffs respectfully request that this Court strike all of Defendant's affirmative defenses.


DATED this 3rd day of January, 2020.

<div style="display:flex">

*/s/ Jacob D. DeGraaff*
Jacob D. DeGraaff, WSBA# 36713
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
jacobd@hdm-legal.com

*/s/ Christina L Henry*
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com

</div>

REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 8

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595

1

2
**CERTIFICATE OF SERVICE**

3
    I hereby certify that on January 2nd, 2020, I electronically sent the foregoing **Reply in**

4
**Support of Motion to Strike Affirmative Defenses** via ECF to the recipients below.

5
Melissa A Huelsman    mhuelsman@predatorylendinglaw.com,
paralegal@predatorylendinglaw.com, wsmith@predatorylendinglaw.com

6
Christina Latta Henry    chenry@HDM-legal.com, HenryDeGraaffPS@jubileebk.net,

7
mainline@hdm-legal.com

8
Christopher G. Varallo    cgv@witherspoonkelley.com, terrye@witherspoonkelley.com

9
Steven Joseph Dixson    sjd@witherspoonkelley.com, aliciaa@witherspoonkelley.com

10
Jacob Daniel DeGraaff    mainline@hdm-legal.com, henrydegraaffps@jubileebk.net

11
Vicente Omar Barraza    omar@barrazalaw.com, admin@barrazalaw.com,

12
vobarraza@gmail.com

Robert W McDonald    rmcdonald@qualityloan.com, cvnotice@mccarthyholthus.com,
rockymcdonald@gmail.com

13

14
By_____ */s/ Jacob D. DeGraaff* _____
          Jacob D. DeGraaff

15

16

17

18

19

20

21

22

23

24

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WA 98104
telephone (206) 330-0595