Christina L. Henry, WSBA# 31273
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA 98104
Tel.: 206-330-0595
Fax: 206-400-7609
chenry@hdm-legal.com

Melissa A. Huelsman, WSBA #30935
Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 606
Seattle, WA 98104
Tel.: 206-447-0103
Fax: 206-673-8220
mhuelsman@predatorylendinglaw.com

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARY LOU GRANDE and MARK DOUGLAS GRANDE,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7 ("US BANK"), AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and Doe Defendants 1 through 20,<br><br>Defendants. | No. 2:19-cv-00333-MJP<br><br>PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES<br><br>Note on Motion Calendar:<br><br>January 31, 2020 |

MOTION TO COMPEL DISCOVERY
RESPONSES - 1

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

I.      **RELIEF REQUESTED**

COMES NOW Plaintiffs Mary Lou Grande and Mark Douglas Grande ("Grandes"), and in accordance with FRCP 26, 34, and 37, to hereby move this Court to enter an order compelling the Defendants to answer numerous interrogatories which they have refused to adequately respond to in conformity with the discovery rules and to produce all responsive documents required by the contents of the requests for production.

II.     **INTRODUCTION**

This Court is familiar with the Grandes' claims based upon previous motion practice and in fact, has already made findings. Dkt. No. 27. The Grandes will not repeat that information herein. The Grandes seek to compel answers, documents, and materials regarding four general categories of discovery from the Defendants: (1) documents and/or information about US Bank and Nationstar's communications with the Grandes and/or their agents related to the claims made in this case; (2) documents and/or information supporting or conflicting with the allegations in Grandes' Complaint; (3) documents and/or information regarding the parties' participation in the Foreclosure Fairness Act ("FFA") (RCW 61.24.163) mediation program, the application of the Grandes' trial plan payments ("TPP") in pursuit of a permanent loan modification, procedures and guidelines that were used to determine whether the Grandes qualified for a permanent loan modification, the basis for the decision made about a permanent loan modification; and (4) documents governing the entire loan modification review and TPP process.

The Defendants' unilateral, obstructionist approach to discovery is improper and is designed to prevent the Grandes from obtaining responses to properly propounded written discovery. The Grandes' discovery also seeks information material to: (a) US Bank's defense that it is not a party to any contract with the Grandes; (b) US Bank and Nationstar's defense that they have no legal or contractual duty to the Grandes related to the refusal to provide a permanent loan modification; (c) US Bank and Nationstar's defense that the Grandes have not properly stated a claim for a breach of the duty of good faith and fair dealing; and (d) that US Bank and Nationstar's actions as to the Grandes cannot meet the public interest and trade or

MOTION TO COMPEL DISCOVERY
RESPONSES - 2

**HENRY &DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

commerce elements of the Washington Consumer Protection Act ("CPA") RCW 19.86, *et seq*.

US Bank and Nationstar are withholding these documents and information in direct contravention of the requirements of the Federal Rules of Civil Procedure. FRCP 26(b). Counsel for the Grandes have held multiple discovery conferences with opposing counsel, exchanged detailed letters and email communications about the deficient discovery responses and refusals to respond, to no avail. Therefore, the Grandes have no choice but to file this Motion.

### III.   RELEVANT FACTS

**A.   Grandes Serve Discovery on Defendants**

The Grandes served their first set of Interrogatories ("Rogs") and Requests for Production ("RFPs") on counsel for the Defendants on July 8, 2019 and then upon request of their attorneys, granted Defendants an additional two weeks to respond. *See* Declaration of Christina L Henry ("Henry Dec.") at ¶ 3. Thereafter, Defendants requested additional time to respond to discovery and received a court order setting a new due date of September 5, 2019. Dkt No. 31. Defendants served their defective responses on the very last day, September 5, 2019. Henry Dec. at ¶ 4, Ex. A. The responses and documents produced therewith did not comply with the discovery rules and were completely deficient. It was very clear that the Defendants did not use any of their time, including the additional month, to identify responsive documents or materials, or to thoroughly investigate so that they could competently respond to the interrogatories. *Id.* at ¶ 5.

Defendants instead served responses with numerous boilerplate objections that were repeated in virtually every response. They did not produce a privilege log, despite claiming attorney-client privilege. Defendants falsely contended that all communications which occurred in the Grandes' FFA Mediation could not be referred to in the litigation because it was confidential under RCW 7.07, *et al.* They repeatedly made that assertion even though the statute *explicitly* excepts it from RCW 7.07. RCW 61.24.163(1).[1]

Defendants arbitrarily claimed a lack of relevancy for topics that were clearly relevant

---

[1] RCW 61.24.163(1) The foreclosure mediation program . . . . **The mediation program under this section is not governed by chapter 7.07 RCW and does not preclude mediation required by a court or other provision of law.** (Emphasis added.)

MOTION TO COMPEL DISCOVERY
RESPONSES - 3

HENRY &DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

and known to the Defendants, especially in light of this Court's Order on their motion to dismiss. *See,* Dkt No. 27. Further, Defendants' "responses" included broad "general objections" that are facially improper and blatantly ignore federal rules. FRCP 26(g)(1)(B).

### B. Defendants Agreed to Amend and Supplement, But Refused to Provide Complete and Adequate Responses

After reviewing Defendants' discovery responses, Ms. Henry and Ms. Huelsman sent a letter summarizing the numerous defects in the discovery responses and requesting a discovery conference to opposing counsel on September 6, 2019. *Id.* at ¶ 5. The discovery conference was held on September 16, 2019. *Id.* at ¶ 7. The attorneys had a thorough discussion about the improper use of boilerplate objections, the relevancy of the discovery requests, especially in light of this Court's ruling on the Defendants' Motion to Dismiss (Dkt No. 15) on issues regarding principal/agent liability, servicing records and guidelines for approval of loan modifications. The attorneys also discussed the Defendants' assertions of privilege for communications in the FFA mediation, and that numerous other communications between the parties were not produced. *Id.* at ¶ 8, Ex. C. The parties agreed that Defendants' counsel would provide supplemental responses by September 30, 2019. Ms. Huelsman sent an email summary to opposing counsel regarding the discovery conference and to document the attorneys' agreements on September 19, 2019. Huelsman Dec. at ¶___, Ex. 1.

Defendants' counsel specifically agreed to produce the following documents:
- Servicing notes for the loan (complete)
- Call logs – to and from borrower
- LPS/Black Knight records
- Procedures and internal guidelines for trial payment plans and permanent modifications – from both US Bank and Nationstar
- Contracts between US Bank and Nationstar concerning the servicing of loans and requirements for loan modifications
- Changes to loan modification guidelines because of Mr. Cooper name change
- Procedures and guidelines for auditing of Nationstar by US Bank for loan servicing and loan modification
- Correspondence with McCarthy Holthus re: loan modification approval & FFA mediation
- FFA mediation information and documentation, including participants for Nationstar, their amount of authority and reasons for decisions made relating to the loan mods, why denials were sent to borrowers during the FFA process, etc.
- Documentation of what US Bank needed to approve a permanent loan modification

MOTION TO COMPEL DISCOVERY
RESPONSES - 4

HENRY &DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

- All communications between US Bank and Nationstar related to the Grandes' loan, including documentation of the request for approval of the loan mod from Nationstar to US Bank
- Documentation showing why online payments could not be made on Nationstar's website until the modification was complete (relayed to Grandes in FFA mediation)
- Contracts and agreements that show principal/agent relationship between Nationstar and US Bank, in particular as to the actions undertaken by Nationstar which are at issue in this case on behalf of US Bank

*Id.* at ¶___.

On September 30, 2019, Defendants' counsel contacted Ms. Henry and Ms. Huelsman by email to ask to move the response deadline **again**. Ms. Henry and Ms. Huelsman agreed once more to a new deadline of October 7, 2019. *Id.* at ¶ 10. The attorneys agreed in advance to another discovery conference date of October 8, 2019 since Defendants' counsel made clear their clients were not going to produce everything that had been agreed upon already. *Id.* at ¶ 11.

C. **Defendants Continued to Refuse to Respond to the Discovery for Months**

On October 7, 2019, Defendants' counsel produced amended responses to discovery and a letter outlining objections to the characterization of the prior discovery conference outlined in Ms. Huelsman's summary email. Mr. Varallo did not make these assertions until the last deadline for responding and the day before the prearranged discovery conference set for October 8, 2019. *Id.* at ¶ 12. In response, the Grandes' requested a court reporter for the conference call to make certain that there was no further argument about the contents of the call, but Mr. Varallo refused to agree to this condition. As a result, Ms. Henry and Ms. Huelsman cancelled the call. *Id.* at ¶ 13. It was clear that Defendants' counsel intended to continue to misrepresent the contents of the discovery calls. Thereafter, the Grandes' counsel completed an index of the documents produced by the Defendants and determined that large numbers of the documents produced were duplicative. Meanwhile, Defendants refused to produce even the Nationstar loan servicing notes related this loan. *Id.* at ¶ 14, Ex. C.

On November 12, 2019, in another effort to mutually resolve the discovery dispute before bringing it to this court for resolution, Ms. Henry drafted a Request for a Joint Submission to the court for assistance in reaching a resolution of the discovery disputes with Nationstar and US Bank over Interrogatories Nos. 5, 7, 8, 9, 10, 12, and 17 and Requests for Productions Nos. 4, 6,

MOTION TO COMPEL DISCOVERY
RESPONSES - 5

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

7, 8, 9, 11, 16, and 17. *Id.* at ¶14, Ex. D. It was sent to Mr. Varallo for his consideration, but he refused to agree to use the joint discovery dispute submission, but also claimed, incredibly, that the document provided him with "additional information" that clarified the alleged discovery deficiencies, even though that information had already been transmitted to and discussed with Mr. Varallo repeatedly. The Grandes maintain that this assertion was nothing more than another means of trying to stall and find an excuse for his clients' absolute refusal to properly respond to written discovery. Mr. Varallo **again** asked Ms. Henry and Ms. Huelsman to "work with him" to try to resolve the discovery dispute. *Id.* at ¶ 16.

Ms. Henry and Ms. Huelsman advised that they were willing to have another discovery conference to discuss the issues on November 21, 2019. *Id.* at ¶ 17. During that discovery conference, Mr. Varallo claimed that his clients would supplement document production with the one thousand pages of documents numbered NSM00001 – NSM01000 that had **never** been provided to the Grandes. Mr. Varallo had repeatedly contended that those documents were sent out even though Ms. Henry provided him with copies of the emails from his paralegal making clear they had *not* been sent out. *Id.* at ¶ 18. Defense counsel also agreed to produce the voice recordings of four phone calls made by the Grandes to Nationstar; a full life of loan history, and some additional communications that had not previously been provided. *All* of these topics had been discussed repeatedly and should have been produced originally. *Id.* The Grandes were promised the additional documents before Thanksgiving. *Id.* at ¶ 19, Ex. E. Defendants continued to refuse to submit a privilege log or to seek a protective order regarding documents which they refused to produce or as to those matters where they substantively refused to respond to the written discovery, including interrogatories. *Id.* at ¶ 20. During the email exchange with Ms. Henry and Ms. Huelsman, Mr. Varallo contended that they should be patient with and wait for his clients to respond further because Nationstar "is a big firm" and "that it is still reviewing records" and that "it takes a long time to produce them". *Id.* at ¶ 21.

Within an hour of those email exchanges, the Grandes received the one thousand pages of documents that had not been sent previously. *Id.* at ¶ 22. Since that date, November 21, 2019 Mr.

MOTION TO COMPEL DISCOVERY
RESPONSES - 6

HENRY &DeGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Varallo and his clients have **not** provided any further responses to discovery or made any further document production, including the promised document production of voice recordings of four phone calls, a full life of loan history, and some additional communications. What is **very** clear is that Mr. Varallo has never been truthful about his clients' intentions to properly and adequately respond to written discovery, and that he and his clients have completely disregarded their obligations to opposing counsel and to this Court to adhere to the Federal Discovery Rules. Their actions have been blatant, and Nationstar and US Bank, and their counsel, have gone so far as to maintain that they should be afforded special dispensations for responding to discovery even more than four months after the original responses were due. It is notable that Mr. Varallo has not communicated with the Grandes' attorneys since those last email exchanges on November 21, 2019.

### IV.  LCR 37 CERTIFICATION

Counsel for the Grandes hereby certify they have in good faith conferred with Defendants' counsel, *repeatedly*, in an effort to resolve the disputes that are the subject of this motion without the need for court action, to no avail. Counsel for the Grandes, Christina L. Henry and Melissa A. Huelsman, conferred with Mr. Varallo, counsel for US Bank and Nationstar, via telephone conference calls on September 16, 2019 and November 21, 2019 seeking to resolve these discovery disputes. Further, Ms. Henry and Ms. Huelsman have exchanged numerous emails with Mr. Varallo seeking to resolve these discovery disputes as outlined more particularly above. *See,* Declarations of Christina L. Henry and Melissa A. Huelsman filed concurrently herewith. Yet, months after the written discovery was propounded, the Grandes still do not have complete responses to interrogatories and they do not have all responsive documents. Further, Defendants' counsel continues to assert privileges without producing a privilege log; assert confidentiality without seeking a protective order; contend that RCW 7.07 precludes any information in the litigation about the FFA Mediation, even though the FFA statute expressly reads that it does **not** fall under that statute. RCW 61.24.163(1).

### V.  STATEMENT OF ISSUES

1. Whether Defendants have refused to properly and adequately respond to

MOTION TO COMPEL DISCOVERY RESPONSES - 7

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

properly propounded written discovery, including Interrogatories Nos. 5, 7, 8, 9, 10, 12, and 17 and Requests for Productions Nos. 4, 6, 7, 8, 9, 11, 16, and 17 sent to both Defendants.

2. Whether Defendants have improperly asserted the confidentiality privilege for matters related to the FAA mediation as an excuse not to respond, even though the statute makes clear that there is no confidentiality in FFA mediation. RCW 61.24.163(1).

3. Whether Defendants have improperly asserted other objections for relevance and proportionality when the requests were limited and related to matters directly relevant to the Plaintiffs' claims in the Complaint. And when Defendants have not moved for a protective order to obtain a ruling from the Court on that issue.

4. Whether Defendants failed to participate in the Rule 26 discovery conferences in good faith and should be subject to sanctions for so doing.

5. Whether Defendants are responsible to reimburse Ms. Henry and Ms. Huelsman for their attorneys' fees and costs incurred in trying to resolve this matter; and

6. Whether Defendants should be sanctioned monetarily and ordered to fully respond to **all** of the Discovery Requests in full and without objection by order of this Court on a very short deadline.

## VI. EVIDENCE RELIED UPON

This motion is based on the Declaration of Counsel Christina L Henry and Melissa A. Huelsman with supporting exhibits regarding the Grandes' discovery, efforts to resolve this matter through discovery conferences and written correspondence and for attorneys' fees and costs and sanctions, as well as all pleadings on file in this case.

## VII. LEGAL AUTHORITY

### A. Standard for Obtaining Discovery

Federal Rule of Civil Procedure 26 governs the standard for producing discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates

MOTION TO COMPEL DISCOVERY
RESPONSES - 8

Henry &DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond," and the court may order a party to provide further responses. *See* Fed. R. Civ. P. 37(a)(4).

### B. Defendants Continue to Refuse to Respond Adequately to Interrogatories and Requests for Production

#### 1. *Document Dump*

Fed. R. Civ. P. 34(b)(2)(E)(1) requires that parties "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Rule 34 prohibits "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009) (*quoting* 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice & Procedure, § 2213 (2008)).

In just one example of Defendants' "document dump", in response to **Interrogatory No. 5**, requesting an accounting of contacts Defendants have had with the Grandes, Defendants referenced more than 4,000 pages of production, which were filled with nonresponsive duplicates, and did not identify which pages were responsive to the request. This is not an adequate response under Rule 34.

#### 2. *Nonresponsive*

Courts may compel a party to respond if the party fails to answer a question asked under the rules of discovery. Fed. R. Civ. P. 34(a)(3)(B)(1). Defendants have provided nonresponsive "answers" to numerous of the Grandes' requests.

MOTION TO COMPEL DISCOVERY
RESPONSES - 9

Henry &DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

In response to **Request for Production No. 4** (regarding contacts Defendants have had with the Grandes) and **Interrogatory No. 7/Request for Production No. 6** (regarding communications between Nationstar and US Bank related to the Grandes' Deed of Trust), Defendants asserted that they "ha[ve] not identified" any such contacts or communications, and again direct the Grandes to thousands of pages of other production, as well as to the website of the Security and Exchange Commission. The Requests at issue are very specific and narrowly tailored, and the Grandes have explained their relevance to this case numerous times. Henry Dec. at ¶ 17. Ex D. The fact that Defendants have "not identified" the material the Grandes have requested is the problem that discovery is intended to address, not a reason to shut it down.

Interrogatory No. 10/Request for Production No. 9, Interrogatory No. 12/Request for Production No. 11, and Request for Production No. 17 all request information about the policies, processes, and procedures Defendants used to make various decisions regarding the Grandes' loan modification application. In response, Defendants merely state vaguely that "Nationstar responds that it evaluated the Grandes for permanent loan modification and provided the final modification agreement to Plaintiffs for signature on or about July 28, 2017, pursuant to Nationstar's relationship with U.S. Bank as governed by the trust and servicing information provided at SEC000l - SEC0297." That such a framework exists for making decisions is assumed by the language of the requests, and simply confirming its existence is not responsive to requests for information about *how* the decisions were made. The Grandes have repeatedly explained their need to understand the relationship between the Defendants and how it affected their reaction to the Grandes' loan modification application. Nevertheless, Defendants continue to refuse to produce these documents.

### 3. Privilege

The party resisting discovery on grounds of privilege bears the burden to show that the requested discovery is so protected. *See Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F.Supp.2d 1273, 1277 (W.D. Wash. 2013). A party asserting that information otherwise discoverable is privileged must "expressly make the claim" and "describe the nature of the

MOTION TO COMPEL DISCOVERY RESPONSES - 10

HENRY &DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Failure to properly assert privilege can result in waiver of the privilege. *Id*.

**Interrogatory No. 8/Request for Production No. 7** and **Interrogatory No. 17/Request for Production No. 16** involve communications between the Grandes, Defendants, and an FFA mediator regarding the Grandes' mediation process. In response, Defendants objected and contended repeatedly that the requests seek information and documents that are privileged under RCW 7.07 *et seq.,* and RCW 61.24.169(4)(b). Henry Dec. at ¶ 8, Ex. C. As noted, *supra*, FFA mediations are *explicitly* not governed by RCW 7.07, so Defendants' invocation of that statute is invalid. RCW 61.24.163(1). Defendants' assertion of privilege is further invalidated by the fact that they have not produced a privilege log listing the specific documents or other items that would be discoverable if not privileged, or otherwise taken any steps to enable the Grandes or this Court to assess the validity of the assertion. *See Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989). Moreover, the documents and communications related to an FAA mediation are not confidential and must be produced.

        4.      **Relevance**

"District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Although the party seeking to compel discovery has the burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections" with competent evidence, *see Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017) (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455,

MOTION TO COMPEL DISCOVERY RESPONSES - 11

**HENRY &DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

458 (C.D. Cal. 2002)).

Parties may not withhold responsive documents based on an unsubstantiated assertion that the materials sought are "irrelevant." Rule 26(b)(1) does not give any party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case," because "litigation in general and discovery in particular . . . are not one sided." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014); see also *Johnson v. Jones*, 91 Wash. App. 127, 133, 955 P.2d 826 (1998) ("A defendant or his counsel may not unilaterally determine the relevance of evidence during discovery . . ."). If the Defendants wish to withhold information, they must move for a protective order. They have not.

### 5. *Proportionality*

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* In response to multiple requests, Defendants object on the grounds that "this Request is not relevant to any claim or defense because the claims and underlying allegations are founded on events that arose subsequent to the alleged June 2017 completion of the trial period plan and the modification offer extended on or about July 28, 2017."

### C. Defendants Unsupported Objections to Written Discovery Do Not Justify Its Refusal to Respond and Merit an Award of Costs and Fees

The Federal Rules require that responding parties fully respond and that any objections to discovery must be substantiated and made with specificity. *See, e.g., Salazar v. Monaco Enters., Inc.*, 2015 WL 8773279, at *4 (E.D. Wash. Dec. 14, 2015) (citing *BNSF Ry. Co. v. U.S. Dist. Ct., Dist. of Mont.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005) ("boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient

Henry &DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

to support a privilege")); *see also Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168 (N.D. Iowa 2017) (describing in detail the information that must accompany each objection or assertion of privilege). Notwithstanding these clear rules, the Defendants have continued to obstruct their discovery obligations.

Counsel is not aware of any authority permitting a party to withhold responsive documents because their client is a big firm that is "still reviewing records" and that "it takes a long time" to produce them. Unsubstantiated claims of privilege and/or confidentiality that are not accompanied by a privilege log and/or moving for a protective order are inexcusable, especially when discovery was propounded over five months ago.

Fed.R.Civ.P. 37(a)(4) provides for an award of expenses or sanctions for a party's refusal to provide proper discovery, where such necessitated the opponent to bring a motion to compel. Fed.R.Civ.P. 37(a)(4). For purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response, is to be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(3). Here, after several discovery conferences and requests from the Grandes to file a joint discovery motion to resolve these discovery disputes, Defendants have failed to participate in good faith, instead choosing to aggressively stonewall the discovery process necessitating sanctions.

## VIII.  SANCTIONS

The Grandes, pursuant to Rule 37(a)(4)(A), seek sanctions and appropriate attorney fees.

## IX.  CONCLUSION

For the foregoing reasons, the parties request the Court's assistance to resolve these production disputes.

MOTION TO COMPEL DISCOVERY
RESPONSES - 13

Henry &DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Dated this 10th day of January 2020.

HENRY & DEGRAAFF, P.S.

*/s/ Christina L Henry*
Christina L Henry, WSBA #31273
787 Maynard Ave S.
Seattle, WA 98104
T: 206-330-0595/ F: 206-400-7609
 chenry@hdm-legal.com


LAW OFFICES OF MELISSA A. HUELSMAN, PS

*/s/ Melissa A. Huelsman*
Melissa A. Huelsman, WSBA #30935
705 2nd Ave, Ste 606
Seattle, WA 98104-1715
206-447-0103
*Mhuelsman@predatorylendinglaw.com*

MOTION TO COMPEL DISCOVERY
RESPONSES - 14

HENRY &DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

## CERTIFICATE OF SERVICE

I, Christina L Henry, declare as follows:

I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

On January 8, 2020, I caused to be served Motion to Compel electronically via USDC court system CM/ECF: I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of January 2020, at Seattle, Washington.

        */s/ Christina L Henry*
        Christina L Henry

MOTION TO COMPEL DISCOVERY RESPONSES - 15

**HENRY & DeGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609