The Honorable Marsha J. Pechman

Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
Witherspoon · Kelley
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com

Taylor T. Haywood, *Admitted Pro Hac Vice*
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Phone:  (303) 640-2531
Fax:  (303) 260-7714
taylor.haywood@akerman.com

*Attorneys for Defendants Nationstar Mortgage LLC and U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MARY LOU GRANDE and MARK DOUGLAS GRANDE,<br><br>             Plaintiffs,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7N ("US BANK"), AND NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and Doe Defendants 1 through 20,<br><br>             Defendants. | Case No.: 2:19-cv-00333-MJP<br><br>**DEFENDANTS U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-7N AND NATIONSTAR MORTGAGE d/b/a MR. COOPER'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES** |

Defendants U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7 and Nationstar Mortgage LLC d/b/a Mr. Cooper oppose plaintiffs Mary Lou and Douglas Grande's motion to compel discovery responses, Doc. No. 39.

OPPOSITION TO PLAINTIFFS' MOTION TO - 1
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

51684318;1

## I. INTRODUCTION

The Grandes demand U.S. Bank and its servicer, Nationstar, identify communications and produce documents outside their possession, custody or control. They also demand they produce confidential and proprietary policies and procedures related to the Grandes' modification review—even though they actually received a permanent modification offer. U.S. Bank and Nationstar recently supplemented their production and, have properly responded or objected to the Grandes' requests. The court should deny their motion.

## II. ARGUMENT

### A. U.S. Bank and Nationstar recently supplemented their document production

As set forth in the attached declaration of Taylor T. Haywood, since the Grandes filed their motion, U.S. Bank and Nationstar supplemented discovery responses and produced the following additional documents:

- The entirety of McCarthy & Holthus, LLP's nonjudicial foreclosure file, which Akerman LLP received from McCarthy on January 17 (with privilege and work product redactions);

- All emails related to the FFA mediation Nationstar received from McCarthy;

- Nationstar's LPS notes spanning the time-period of August 17, 2016 through April 16, 2018 (with privilege and work product redactions);

- All responsive non-privileged call recordings between Nationstar and the Grandes (3 total); and

- A privilege log detailing all redactions on Nationstar's LPS notes and describing the one responsive, privileged telephone call recording in Nationstar's possession, custody or control.

(Haywood Decl. ¶¶4-7 and Exs. A-E.) The undersigned also confirmed the documents Nationstar previously produced, bates-numbered NSM02393-03964, include the entirety of McCarthy's mediation file. (*Id.* at ¶6, Ex. B at 2.)

This supplemental discovery responses and production should resolve a number of the issues the Grandes raise, including their claim Nationstar and U.S. Bank have not "made

OPPOSITION TO PLAINTIFFS' MOTION TO - 2
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51684318;1

any further document production" or produced call recordings as allegedly "promised." (Doc. No. 39 at 7.)

**B.     U.S. Bank and Nationstar properly responded or objected to the Grandes' discovery requests**

**1.     Interrogatory no. 5**

Interrogatory no. 5 requests Nationstar and U.S. Bank identify all contacts with the Grandes, "including but not limited to phone calls, text messages, letters, or other correspondence" after July 1, 2012—a period of over *half a decade.* (Doc. No. 40-3 at 29, 72.) U.S. Bank responded by explaining it relies on its loan servicers to maintain all loan records. (*See id.* at 72.) And Nationstar, as U.S. Bank's loan servicer, responded its contacts with the Grandes are memorialized in its servicing records, and directed the Grandes to where in its production they could locate those records: the pages bates-numbered NSM00001-03964 and NSM05186-05201. (*See id.* at 30.) Rule 33(d) specifically authorizes this type of response, *see* Fed. R. Civ. P. 33(d), and the Grandes have made no showing the information they seek is not within in the referenced documents or that the information they seek is too difficult to extract. (*See* Doc. No. 39 at 9.) The court should find U.S. Bank and Nationstar adequately responded to interrogatory no. 5.

**2.     Interrogatory no. 7 & Request for production no. 6**

Interrogatory no. 7 requests U.S. Bank and Nationstar identify each communications they had with one another "related to their participation in the Foreclosure Fairness Act" (**FFA**), "which began on August 17, 2016 and lasted through April 16, 2018 related to [the Grandes'] deed of trust." (Doc. No. 40-3 at 31, 73-74.) Their corresponding document request asks U.S. Bank and Nationstar to produce "any and all documents in any way relating to" their interrogatory response. (Doc. No. 40-3 at 9, 52.) Both U.S. Bank and Nationstar explained they have not identified or located any such communications in their responses. (*Id.* at 9, 32, 53, 74.) This is akin to a representation they have not had any such communications, and therefore had no documents to produce. And while U.S. Bank and Nationstar dispute their responses were in anyway unclear, to avoid a further dispute,

OPPOSITION TO PLAINTIFFS' MOTION TO - 3
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51684318;1

1  clarified they had no such communications or documents in their supplemental responses.[1]
2  (*See* Haywood Decl. at ¶¶6-7, Ex. B at 2-3, Ex. C at 2, Ex. D at 3, Ex. E at 3.)

### 3.  Interrogatory no. 10 & Request for production no. 9

Interrogatory no. 10 asks U.S. Bank and Nationstar to explain how they determined "the Grandes qualified for the permanent modification that was offered on or about July 28, 2017." (Doc. No. 40-3 at 34, 76.) The corresponding document request asks U.S. Bank and Nationstar to produce "any and all documents in any way" relating to their responses. (*Id.* at 11, 54.) U.S. Bank adequately responded by explaining—as it did in its other responses—that it relies on its servicers to maintain loan records, and "all information is in Nationstar's possession." (*Id.* at 54, 76.) And Nationstar adequately responded through (**1**) explaining the Grandes had to make three trial plan payments in the correct amount by the first of each month in April through June 2017 and (**2**) directing the Grandes to where in its document production (*i.e.*, the pages bates-numbered NSM00001-00180 and NSM04079-04530) they could find information relating to their loan modification review. (*Id.* at 11, 34-45.) For instance, the March 3, 2017 letter Nationstar produced, bates-numbered NSM04357-63, explains the trial plan offer, provides additional trial plan information, and answers "frequently asked questions." To the extent the Grandes sought other information about the review process, they should have asked a different question.

### 4.  Interrogatory no. 12 & Request for production no. 11

Interrogatory no. 12 and request for production no. 11 request U.S. Bank and Nationstar identify and describe "any documents governing the loan modification process as pertains to the Grandes['] attempts to obtain a loan modification . . . during the FFA mediation which [began on] August 17, 2016 and lasted through April 16, 2018," and

---

[1] The Grandes raise the same issue with respect to U.S. Bank's response to request for production no. 4. (Doc. No. 39 at 10.) U.S. Bank's response states it has "not identified 'contacts' responsive" to the Grandes' request, and notes U.S. Bank relies on its servicers to maintain its loan records. (Doc. No. 40-3 at 51.) It therefore has no documents to produce, other than those produced by Nationstar. U.S. Bank denies its response is in any way unclear, but nevertheless served a clarifying supplemental response to avoid a further discovery dispute. (Haywood Dec. ¶7, Ex. E at 2.)

OPPOSITION TO PLAINTIFFS' MOTION TO - 4
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51684318;1

produce all related documents.  (Doc. No. 40-3 at 12, 36, 56, 77.)  U.S. Bank's response explains "all information is in Nationstar's possession."  (*Id.* at 77.)  Nationstar's response explains it evaluated the Grandes "pursuant to [its] relationship with U.S. Bank as governed by [the documents bates-labeled] SEC0001-SEC0297" and that it has "identified no other servicing agreements/contracts between U.S. Bank and Nationstar related to the handling of loan modifications during the period of time relevant to the claims."  (*Id.* at 36.)  Nationstar and U.S. Bank have not identified additional "governing documents."  They are not aware of anything further for them to produce.  The court should find their responses adequate.

**5.    Request for production no. 17**

Request for production no. 17 requests U.S. Bank and Nationstar produce "all loan modification guidelines in effect for U.S. Bank at the time the Grandes were participating in the FFA mediation from August 17, 2016 through April 16, 2018."  (*Id.* at 16, 59.)  Nationstar objected because (**1**) the requested information is not relevant and (**2**) Nationstar's internal policies and procedures are confidential, proprietary and trade secrets.  (*Id.* at 16-17.)

The court should uphold Nationstar and U.S. Bank's objections.   *First,* Nationstar and U.S. Bank's internal policies and procedures have no relevance.  The Grandes base their claims on allegations they accepted a permanent modification that Nationstar and U.S. Bank failed to honor—not allegations Nationstar or U.S. Bank did not properly review them for a modification.  (*See e.g.*, Doc. No. 1-1 at 15-22.)   *Second*, "a company's internal policies and procedures constitute trade secrets" protected from disclosure.  *Hickman v. Mead,* No. 2:18-cv-00404-GMN-NJK, 2019 WL 3837784, at *2 (D. Nev. Aug. 14, 2019); *see also Haldiman v. Continental Cas. Co.*, No. CV-13-00736-PHX-GMS, 2014 WL 584305, at *3 (D. Ariz. Feb. 13, 2014) (holding an insurance company's manual is entitled to protection from disclosure as a trade secret or confidential, proprietary information.)  Nationstar and U.S. Bank properly withheld their policies and procedures from production as a result.

**6.    Interrogatory no. 8 & Request for production no. 7**

Interrogatory no. 8 requests U.S. Bank and Nationstar identify and describe each communication they or their agents had with the Grandes or their agents related to their FFA

OPPOSITION TO PLAINTIFFS' MOTION TO - 5
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51684318;1

1  participation "which began on August 17, 2016 and lasted through approximately April 16,
2  2018."  (Doc. No. 40-3 at 32, 74.)  The corresponding request for production requests U.S.
3  Bank and Nationstar produce "any and all documents in any way relating to" their responses.
4  (*Id.* at 10, 53.)  Nationstar responded, subject to its objections, it is "investigating what
5  responsive information is available, and if information responsive . . . is subsequently
6  identified[,] it will provide that information by way of a supplemental response."  (*Id.* at 33.)
7  U.S. Bank responded much like it did to other interrogatories—noting its servicer maintains
8  records on its behalf, and "all information is in Nationstar's possession."  (*Id.* at 75.)  The
9  court should find these responses sufficient, particularly since as noted *supra*, Nationstar
10 recently supplemented its responses to specifically identify documents where responsive
11 information could be derived or ascertained, and Nationstar confirmed to the extent
12 McCarthy "had any additional communications with the Grandes or their agents related to the
13 FFA mediation on [its] behalf, Nationstar does not have any knowledge of those
14 communications."  (Haywood Decl. ¶6, Ex. B at 3-4 and Ex. C at 3.)

**7.     Interrogatory no. 17 & Request for production no. 16**

Interrogatory no. 17 and request for production no. 16 request U.S. Bank and Nationstar identify all contacts they or their agents had with the FFA mediator "and/or the Grandes' agents" regarding the "Grandes' efforts to accept a permanent loan modification . . . during the FFA mediation" and produce all related documents.  (Doc. No. 40-3 at 15, 40, 58, 80.)  Nationstar and U.S. Bank recently supplemented their production to include the emails Nationstar recently obtained from McCarthy related to the FFA mediation, Nationstar supplemented its discovery responses to direct the Grandes to where in its production they could find responsive documents, and U.S. Bank supplemented its responses to note it has no personal knowledge of what responsive communications Nationstar may have had with the Grandes or the mediator on its behalf.  (Haywood Decl. ¶¶6-7, Ex. B at 4-6, Ex. C at 4-5, Ex. D at 5-6, and Ex. E at 5-6.)

///

///

OPPOSITION TO PLAINTIFFS' MOTION TO - 6
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

51684318;1

### III. CONCLUSION

For the foregoing reasons, the court should deny the Grandes' motion to compel.

Respectfully submitted, this 27th day of January, 2020.

**WITHERSPOON · KELLEY**

*s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA #29410
Steven J. Dixson, WSBA #38101
Daniel J. Gibbons, WSBA #33036
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Fax: (509) 458-2728
Email: cgv@witherspoonkelley.com
Email: sjd@witherspoonkelley.com
Email: djg@witherspoonkelley.com

**AKERMAN LLP**

*s/ Taylor T. Haywood*
Taylor T. Haywood (Admitted PHV)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
Email: taylor.haywood@akerman.com

*Attorneys for defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and U.S. Bank, National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-7N*

OPPOSITION TO PLAINTIFFS' MOTION TO - 7
COMPEL DEFENDANTS' DISCOVERY RESPONSES
NO. 2:19-cv-00333-MJP

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51684318;1