UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY LOU GRANDE, et al.,<br><br>                          Plaintiffs,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>                          Defendants. | CASE NO. C19-333 MJP<br><br>ORDER GRANTING MOTION TO COMPEL |

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel Defendants' Discovery Responses. (Dkt. No. 39.) Having reviewed the Motion, the Response (Dkt. No. 49), the Reply (Dkt. No. 52), and all related papers, the Court GRANTS the Motion.

**Background**

This case concerns Plaintiffs' allegations that after they signed and returned the paperwork necessary to accept Defendants' offer of a permanent loan modification, Defendants supplied a series of bad faith excuses, denied the loan modification, breached the contract, and violated several laws. (Dkt. No. 1, Ex. A ("Compl."), ¶¶ 32-34, 38-41, 54.)

1 | Plaintiffs served written discovery on the Defendants on July 8, 2019; on September 5th, Defendants responded to the requests with a production that Plaintiffs describe as "completely deficient." (Dkt. No. 40, Declaration of Christina L. Henry ("Henry Decl."), ¶¶ 3-5.) Following the production, Plaintiffs sent a letter summarizing the numerous defects in the discovery responses and requesting a discovery conference. (Id., ¶ 6.) The Parties held a discovery conference on October 16 and Defendants served amended responses several weeks later, on October 7. (Id., Ex. C.) Plaintiffs indexed these documents and determined that large numbers were duplicative and Defendants' production remained deficient. (Dkt. No. 39 at 5.)

Plaintiffs then drafted a Request for a Joint Submission to the Court pursuant to Local Rule 37, seeking assistance in resolving disputes over the outstanding discovery. (Id., Ex. C.) Defendants' attorney declined to use the joint submission but claimed that the document provided him with "additional information" that clarified the alleged discovery deficiencies and asked for Plaintiffs' counsel to "work with him" to resolve the discovery dispute. (Id., ¶ 18.)

The Plaintiffs held another discovery conference on November 21, 2019 and Defendants agreed to supplement production with additional documents totaling 1,000 pages, voice recordings of four phone calls made by the Plaintiffs to Nationstar, a full life of loan history, and communications that had not been previously produced, all before November 28. (Id., ¶¶ 20-21.) The Defendants produced the 1,000 pages but none of the other material. (Id. ¶¶ 22, 25.) Defendants did not communicate with Plaintiffs regarding the additional items, submit a privilege log, or seek a protective order. (Id.)

On January 11, 2020 the Plaintiffs filed the present Motion to Compel, seeking complete responses to a dozen Interrogatories and Requests for Production. (Dkt. No. 39.) Several weeks later, Defendants produced additional documents, a privilege log, and supplemental discovery

responses. (Id. at 2; Dkt. No. 50, Declaration of Taylor T. Haywood ("Haywood Decl."), ¶¶ 3-7.) Defendants did not, however, produce documents responsive to Request for Production No. 17; Plaintiffs continue to seek these documents as well as their attorneys' fees and costs incurred in bringing this Motion. (See Dkt. No. 49 at 5; Dkt. No. 52.)

**Discussion**

**I.     Motion to Compel**

Plaintiffs contend they are entitled to documents responsive to Request for Production No. 17, which seeks:

> [A]ll loan modification guidelines in effect for US Bank at the time the Grandes were participating in the FFA mediation from August 17, 2016 and through April 16, 2018 in regards to Promissory Note which is secured by a Deed of Trust lien on the PROPERTY that is the subject of this litigation.

(Henry Decl., Ex. A at 16.) Defendants resist producing the guidelines, arguing that the documents (1) are not relevant, and (2) are confidential, proprietary, and trade secrets. (Dkt. No. 49 at 5.) The Court finds these objections unpersuasive.

First, the requested documents are relevant under the broad civil discovery standard, which allows litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005). A request for discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action." Ragge v. MCA/Universal Studios, Inc., 165 F.R.D. 601, 604 (C.D. Cal. 1995). Here, Plaintiffs contend that documents responsive to this request provide "information about the policies, processes, and procedures Defendants used to make various decisions regarding the Grandes' loan modification application." (Dkt. No. 39 at 10.) Where Plaintiffs allege that Defendants' evasive, shifting explanations for denying their loan

1   modification were bad faith attempts to avoid their obligations, comparing Defendants' policies

2   to their behavior is relevant to Plaintiffs' claims. (See Compl. at ¶¶ 32-34, 38-41, 54.)

3        Second, Defendants have not demonstrated that the policies are confidential, proprietary,

4   or trade secrets. (Dkt. No. 49 at 5.) "In the federal judicial system trial and pretrial proceedings

5   are ordinarily to be conducted in public." Olympic Ref. Co. v. Carter, 332 F.2d 260, 264 (9th

6   Cir. 1964). As an exception to the general rule of public access to pretrial litigation discovery, a

7   party may move for a court order "to protect a party or person from annoyance, embarrassment,

8   oppression, or undue burden or expense, including . . . requiring that a trade secret or other

9   confidential research, development, or commercial information not be revealed or be revealed

10  only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

11       Here, Defendants have not moved for a protective order or listed the documents on a

12  privilege log. (Dkt. No. 52 at 4.) Nor have they explained how these policies are trade secrets

13  that give them a competitive advantage over competitors. (Id.) "If the court were to issue a

14  protective order based upon such a generalized showing, the general principle of open access that

15  underlies the judicial system would be eviscerated." Braack v. Home Depot U.S.A., Inc., 2007

16  WL 2156371, at *4 (W.D. Wash. Jul. 23, 2007); see also Noble v. Wells Fargo Bank, N.A., No.

17  114CV01963DADEPG, 2017 WL 531883, at *6 (E.D. Cal. Feb. 8, 2017) (denying motion for a

18  protective order where the bank failed to explain with particularity why its eviction procedures

19  were trade secrets that gave it a competitive advantage over competitors).

20       Further, the only two cases cited by Defendants concern a third-party subpoena where the

21  movant failed to demonstrate relevance and a case concerning a motion for a protective order,

22  neither of which support Defendants' position. (See Dkt. No. 49 at 5 (citing Hickman v. Mead,

23  No. 218CV00404GMNNJK, 2019 WL 3837784, at *2 (D. Nev. Aug. 14, 2019) (finding that a

24

1 | third-party was not required to produce documents that were not relevant), and Haldiman v.
2 | Cont'l Cas. Co., No. CV-13-00736-PHX-GMS, 2014 WL 584305, at *3 (D. Ariz. Feb. 13,
3 | 2014), aff'd in part, 666 F. App'x 612 (9th Cir. 2016) (granting a protective order where the
4 | defendant submitted an employee affidavit describing specific harm that would result if the
5 | guidelines were published). Because the Defendants here have not described any harm that
6 | would result from producing the guidelines and have not sought a protective order, the Court
7 | declines to find the documents so confidential that they cannot be produced. Defendants must
8 | therefore produce all documents responsive to Plaintiffs' Request for Production No. 17 within
9 | seven days of the date of this Order.

**II.     Request for Attorneys' Fees**

The Court also finds that attorneys' fees are warranted. Under Federal Rule of Civil Procedure 37(a)(5), the Court must award reasonable expenses associated with a motion to compel discovery, including attorneys' fees, if the moving party prevails on the motion. Exceptions to this rule apply if: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (ii) the opposing party's failure to comply was substantially justified; or (iii) other circumstances make an award of expenses unjust. Id.

Here, Plaintiffs brought this Motion after several good faith attempts to obtain the requested discovery, (Henry Decl., ¶¶ 6, 20-21; id., Ex. C), and nothing before the Court suggests that Defendants' delay was justified or that an award of expenses would be unjust. To the contrary, Defendants' substantial delay in responding to the discovery requests has delayed the trial in this matter (see Dkt. No. 55) and necessitated the present Motion (Dkt. No. 39 at 6-7). Therefore, Plaintiffs request for attorneys' fees is GRANTED.

**Conclusion**

The Court hereby finds and ORDERS:

1. Plaintiffs' Motion to Compel is GRANTED; Defendants must produce all documents responsive to Plaintiffs' Request for Production No. 17 no later than seven (7) days from the date of this ORDER, and;

2. Plaintiffs request for attorneys' fees is also GRANTED. Defendants have 14 days from the date of this ORDER to contest Plaintiffs' itemized accounting of attorneys' fees and costs in bringing this Motion. (See Dkt. No. 53, Supplemental Declaration of Christina L. Henry ("Supp. Henry Decl."), Ex. C; Dkt. No. 54, Supplemental Declaration of Melissa A. Huelsman ("Supp. Huelsman Decl.", Ex. 1).

The clerk is ordered to provide copies of this order to all counsel.

Dated February 20, 2020.

_____
Marsha J. Pechman
United States District Judge