|   |   |   |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | | |
| MARY LOU GRANDE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>        Defendants. | CASE NO. C19-333 MJP<br><br>ORDER AWARDING FEES AND COSTS | |

  THIS MATTER comes before the Court on Defendants' Objections to the Court's Order granting Plaintiffs' Motion to Compel and awarding attorneys' fees. (Dkt. No. 57.) Having reviewed the Objections, the declarations of Plaintiffs' counsel (Dkt. Nos. 40, 41, 61), and Plaintiffs' Reply (Dkt. No. 62), the Court awards Plaintiffs attorneys' fees in the amount of $21,645.00.

  On February 20, 2020 the Court granted Plaintiffs' Motion to Compel and awarded attorneys' fees. (Dkt. No. 56.) Defendants have now filed Objections to the request for fees and costs, asking the Court to exclude many of Plaintiffs' fees. (Dkt. No. 57 at 9.) The expenses

recoverable for successful motions to compel are those "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rate claimed." Welch v. Metro Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). The Court will exclude "any hours that are excessive, redundant, or otherwise unnecessary." McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009).

Here, Plaintiffs have submitted an itemized accounting of their attorneys' fees totaling $21,645, listing in detail the efforts required to pursue Defendants' untimely discovery and make the Motion to Compel. (See Dkt. No. 53, Supplemental Declaration of Christina L. Henry ("Supp. Henry Decl."), Ex. C; Dkt. No. 54, Supplemental Declaration of Melissa A. Huelsman ("Supp. Huelsman Decl.", Ex. 1). The Court finds that Counsels' hourly rates of $350 ($375 as of January 1, 2020) for attorney Christina L. Henry (Dkt. No. 53) and $400 for attorney Melissa A. Huelsman (Dkt. No. 54) are reasonable in light of their experience and the nature of the work performed. See Bank of New York Mellon v. Karen D., Smith, 782 Fed.Appx. 638 (9th Cir. 2019) (approving C. Henry's hourly rate).

However, Defendants ask the Court to exclude hours billed for: (1) typical discovery work; (2) tasks performed by two attorneys where only one was necessary; (3) administrative tasks; (4) excessive time; and (5) communications among the Grandes' counsel. (Dkt. No. 57.) The Court finds each of Defendants' objections misplaced or unsupported by the record. First, there is no "typical discovery work" listed in Plaintiffs' declarations; the entries reflect Plaintiffs' efforts to obtain discovery after Defendants failed to produce discovery responses by the deadline or move for a protective order. (See Dkt. No. 62 at 2-3; Dkt. No. 57 at 3-4.) Second, only one attorney is listed for each task; there is no duplication. (Id. at 5-6.) Third, the Court

disagrees that any of the entries are "administrative" or "excessive," rather each appears to be legal work necessitated by Defendants' failure to cooperate in the discovery process. (Id. at 6.) As Plaintiffs note, "If the Defendants had responded to the written discovery in compliance with the requirements of the Federal Rules of Civil Procedure, then none of this attorney time would have been necessary." (Dkt. No. 62 at 4.) Finally, the Court declines to reduce the award of fees to Plaintiffs for entries reflecting their attorneys' communications. (Dkt. No. 39, Ex. C, ¶¶ 22, 25.) Defendants' ongoing failure to cooperate necessitated such communications amongst Plaintiffs' counsel, two solo practitioners working out of separate offices.

The Court therefore finds Plaintiffs' request for attorneys' fees reasonable and awards fees in the amount of $21,645.00 to be paid by Defendants within 10 days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 6, 2020.

Marsha J. Pechman
United States District Judge