UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY LOU GRANDE, et al., | CASE NO. C19-333 MJP |
| Plaintiffs, | ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion to Strike Affirmative Defenses (Dkt. No. 36),

2. Defendants' Opposition to Plaintiffs' Motion to Strike Affirmative Defenses (Dkt. No. 37),

3. Reply in Support of Plaintiffs' Motion to Strike Affirmative Defenses (Dkt. No. 38),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED; with the exceptions noted in the Order, Defendants will be required to file an amended

answer in which any affirmative defense must include a factual basis and an identification of the claims to which the defense is addressed within seven days of the filing of this order.

## Background

The factual background of the complaint is not relevant to this motion, except to note that it involves a history of unsuccessful attempts to modify Plaintiffs' mortgage loan, followed by nonjudicial foreclosure on their property.

At issue in the motion are the nineteen affirmative defenses which Defendants included in their answer. Dkt. No. 33. All nineteen are listed in general, conclusory fashion, with no supporting facts and no indication as to which of Plaintiffs' claims the listed defenses apply.

The nineteen affirmative defenses in Defendants' answer are:

1. Failure to state a claim
2. Statute of limitations
3. Waiver, estoppel, and laches
4. Justification and privilege
5. Mistake
6. Consent/acquiescence
7. Ratification
8. Fault of Plaintiffs
9. Fault of others
10. Unclean hands
11. Contributory fault
12. No damages/speculative damages
13. Failure to mitigate
14. Consistent with law and applicable regulations
15. Good faith
16. Failure to state a claim for punitive damages
17. Negligence
18. Setoff
19. Reservation of right to assert additional defenses

1 | **Discussion**

2 | Plaintiffs bring their motion under FRCP 12(f): "The court may strike from a pleading an
3 | insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The
4 | function of a 12(f) motion is to avoid the expenditure of time and money that must arise from
5 | litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v.
6 | Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010)(citation omitted).

7 | Central to this motion is the issue of whether to apply Iqbal/Twombly "heightened
8 | pleading standards" to affirmative defenses. There is a circuit split regarding whether
9 | Iqbal/Twombly applies to affirmative defenses, complicated in this circuit by the lack of any
10 | definitive appellate ruling (with a resulting intra-circuit split among the districts).

11 | Where the Ninth Circuit has weighed in on the pleading standards for affirmative
12 | defenses, it has done so without reference to Iqbal/Twombly. "[T]he 'fair notice' required by
13 | the pleading standards only requires describing the defense in 'general terms.' 5 Charles Alan
14 | Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)." Kohler v.
15 | Flava Enters., 779 F.3d 1016, 1019 (9th Cir. 2015). *See also* Simmons v. Navajo County,
16 | Ariz. 609 F.3d 1011, 1023 (9th Cir. 2010) (likewise applying a "fair notice" standard to
17 | affirmative defenses without discussing Iqbal/Twombly).

18 | However, the district courts of this Circuit have taken that holding in two opposite
19 | directions. Some have reasoned that the use of the "fair notice/general terms" standard is a
20 | rejection of the Iqbal/Twombly "plausibility/heightened pleading" standard. *See* Aubin Indus.,
21 | Inc. v. Caster Concepts, Inc. (E.D. CA 2015) 2015 WL 3914000, *6 (relying
22 | on Kohler); Weintraub v. Law Office of Patenaude & Felix, A.P.C. (S.D. CA 2014) 299 FRD
23 | 661, 665 (citing Simmons).

24 |

ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES - 3

Other district courts of the Ninth Circuit have taken a "that which is not prohibited is permitted" approach, reasoning that the Ninth Circuit's pronouncements on the subject have not explicitly rejected the application of Iqbal/Twombly to affirmative defenses, thus the districts are free to apply it:

> In this district at least, a defendant provides "fair notice" of an affirmative defense by meeting the pleading standard articulated in Federal Rule of Civil Procedure 8, as further refined by *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). *See Otey v. Crowdflower, Inc.,* No. 12–cv–05524–JST, 2013 U.S. Dist. LEXIS 151846, at *11–12, 2013 WL 5734146 (N.D.Cal. Oct. 22, 2013) ("This Court agrees with the many judges in this district, however, who routinely apply *Iqbal's* heightened pleading standard to affirmative defenses."); *see also Prime Media Group LLC v. Acer Am. Corp.,* No. 5:12–cv–05020 EJD, 2013 U.S. Dist. LEXIS 22437, at *5 n.2, 2013 WL 621529 (N.D.Cal. Feb. 19, 2013) ("Although the Ninth Circuit has not yet settled this issue once and for all, it seems a foregone conclusion at this point that the Rule 8 pleading standard ... should also apply to affirmative defenses.").

MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc., 5:15-CV-00589-EJD, 2015 WL 4624119, at *2 (N.D. Cal. Aug. 3, 2015). *See also* CTF Dev., Inc. v. Penta Hospitality, LLC, No. C-09-02429, 2009 U.S. Dist. LEXIS 99538, at *21 (N.D. Cal. Oct. 26, 2009)("Thus, while a defense need not include extensive factual allegations… it must nonetheless include enough supporting information to be plausible; bare statements reciting legal conclusion will not suffice.")

More recently, in the Western District of Washington, The Honorable John C. Coughenour adopted a standard from the Central District of California which more or less "splits the difference" between the two camps.

> Under Federal Rule of Procedure 8, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(b); *see also Rosen v. Marketing Grp. LLC,* 222 F.Supp.3d 793, 802 (C.D.Cal. 2016)("Affirmative defenses must be supported by at least some facts

   indicating the grounds on which the defense is based, but need not include
   facts sufficient to demonstrate plausible entitlement to relief.")

Smith v. Bank of New York Mellon, No. C19-0538-JCC, 2019 WL 3428744, at *1 (W.D. Wash. July 30, 2019).

  This Court will likewise adopt the middle ground and, while not transplanting the "heightened pleading standard" of Iqbal/Twombly to affirmative defenses, will require (in the interests of "fair notice") that Defendants provide "at least some facts indicating the grounds on which the defense is based." While the motion will be granted in large part and the affirmative defenses stricken, Defendants will be permitted (with exceptions noted *infra*) to file an amended answer which pleads their affirmative defenses in a manner which apprises Plaintiffs of the factual basis for the defense. Furthermore, Defendants will be required to identify to which of Plaintiffs' causes of action any asserted defense applies.

  Defendants' first affirmative defense – "failure to state a claim" – will be dismissed with prejudice. Not only is it a defense which should be brought by way of separate 12(b)(6) motion, it has already been brought and ruled on in this case. *See* Dkt. No. 27, Order Granting in Part Denying in Part Defendant's Motion to Dismiss. Defendants present no case authority in support of their attempt at a second bite of the apple in this regard; this is a textbook example of a "redundant" defense.

  Plaintiffs argue (and Defendants cite no authority to the contrary) that pleadings which simply negate elements of Plaintiffs' burden of proof are merely "denials" and not properly characterized as "affirmative defenses." (*See, e.g.,* Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.") This description applies to several of the

ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES - 5

"affirmative defenses" plead by Defendants; however, the prevailing view on this topic appears to be as reflected in this opinion from the Central District of California:

> The sparse authority addressing the subject has concluded that denials that are improperly pled as defenses should not be stricken for that reason alone. *See* **5 Charles Alan Wright** & **Arthur R**. **Miller**, **Federal Practice & Procedure** § **1269** (**2d Ed**. **1990**) (observing that "the **federal** courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled."); *see also Smith v. Wal-Mart Stores,* 2006 U.S**.** Dist. LEXIS 72225, 2006 WL 2711468 at *9 (N.D. Cal. Sep. 20, 2006) ("while denials which negate elements of Plaintiffs' claims should not be pled as affirmative defenses, Plaintiffs fail to show that this alleged pleading error provides adequate grounds for striking pleadings."). Moreover, as noted earlier, courts are reluctant to grant motions to strike in the absence of a showing of prejudice to the moving party. *See Smith,* 2006 U.S**.** Dist. LEXIS 72225, 2006 WL 2711468 at *10. Here, Plaintiff has alleged no prejudice. If Plaintiff is irritated by the erroneous appellation attached to the denial, Plaintiff should simply construe the second affirmative defense as a denial.

Mattox v. Watson, No. CV 07-5006-RGK (RZx), 2007 U.S. Dist. LEXIS 88634, at *9 (C.D. Cal. Nov. 15, 2007).  On this basis, the Court will decline to strike the "denial" defenses with prejudice, but will require that Defendants state a factual basis for them and specify to which of Plaintiffs' claim they apply.

Plaintiffs have also moved to strike Defendants' nineteenth affirmative defense, "Reservation of Right to Assert Additional Defenses" (Answer at 27), on the grounds that it is not a defense at all.  This portion of Plaintiffs' motion will be denied.  It is axiomatic that Defendants have the right to interpose additional defenses later should discovery reveal that they have grounds to do so.  Simply affirming that in writing is at worst an exercise in stating the obvious and works no prejudice on Plaintiffs.

**Conclusion**

The Court finds Defendants' assertion of its affirmative defenses to be, at best, lazy pleading practice; at worst, an obfuscatory attempt at burden-shifting. The standard enunciated in this order is intended to avert the needless expenditure of time and resources to (1) discover what (if any) factual basis exists for an asserted defense and (2) eliminate those which have no merit or basis whatsoever in the facts. The burden should not be on Plaintiffs to accomplish this and it is not "fair" notice to plead a laundry list of defenses in conclusory fashion and then force Plaintiffs to go to the time and expense of discovering which ones have factual merit.

With the exceptions noted *supra*, Plaintiffs' motion will be granted and Defendants will be required to file an amended answer which pleads their affirmative defenses in a fashion which indicates the factual bases therefore and identifies to which of Plaintiffs' claims the defenses are directed. The deadline for the amended answer is **May 6, 2020.**

The clerk is ordered to provide copies of this order to all counsel.

Dated April 29, 2020.

Marsha J. Pechman
United States Senior District Judge